## COOPER v. UNITED STATES.
### No. 11877.

United States Court of Appeals,
District of Columbia Circuit.
Argued June 18, 1954.
Decided August 5, 1954.

---

Mr. Edwin D. Etherington, Washington, D. C., appointed by this Court, for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with
whom Mr. Leo A. Rover, U. S. Atty., and Messrs. Lewis A. Carroll and Thomas A. Flannery, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, entered an appearance for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Cooper was indicted, tried and convicted jointly with one Bullard for robbery. He was sentenced to five to fifteen years' imprisonment.

The evidence was that a Mrs. Gordon was robbed of cash, rings and watches in her home one day at about noon. She saw two of the robbers. Her husband arrived home during the incident, and when the robbers fled in a black car Mr. and Mrs. Gordon pursued, plainly seeing one robber and identifying the tag number of the car. In the meantime a mail carrier had seen four men run from the house, passing within forty feet of him. One robber, positively identified by both Mr. and Mrs. Gordon, was Bullard. The car in which the robbers fled was registered in Bullard's name, but it was agreed by all witnesses, including appellant Cooper, that Cooper was actually purchasing the car. Both Cooper and Bullard drove it upon occasion. It was shown upon the trial that Cooper went to a cousin and, telling her that he was in trouble, asked her to tell all inquirers that she was with him in Warsaw, North Carolina, on the day of the robbery. This cousin was in fact not in Warsaw that day. It was also shown that the local police wired the North Carolina police and in response were advised by wire that the last time Cooper had been in Warsaw was around Christmas. A fingerprint expert testified that a print, found on the steering wheel of the black car and identified as Cooper's, could, if it were undisturbed, have been there for an indefinitely long period. Cooper testified that he had left his car at a place in Maryland, having been unable to start it; that he had been in Warsaw, North

Carolina, on the day of the robbery; and that upon his return he had his brother-in-law drive him to the place where he had left his car. His brother-in-law testified that he did drive Cooper to that place, but he could not remember the date.

The foregoing reflects the sum total of the evidence against Cooper. Nobody identified him as one of the robbers. Nobody placed him at the scene of the robbery. The fingerprint was natural, as he frequently drove the car and was in fact paying for it. Much is made of his request to his cousin about being in Warsaw, but, in the absence of any probative—indeed any competent—evidence that he was not in Warsaw, his plea to her is as explainable by terror at his plight as by guilt. Had this evidence been coupled with proof that he was not in Warsaw that day, his request to his cousin could be used to show his consciousness of guilt, but standing alone it is explained by terrorized innocence as well as by a sense of guilt. After all, innocent people caught in a web of circumstances frequently become terror-stricken.

Counsel for Cooper made a motion for judgment of acquittal at the conclusion of the case for the Government and again at the conclusion of the entire case. We think the court should have granted the motion.

■■■■ The applicable rule is laid down in Curley v. United States.[1] We there pointed out that in the trial of criminal cases there are functions for the judge and functions for the jury; that the judge must not impinge upon the functions of the jury; that the verdict is for the jury upon the facts and the finding of the facts is for the jury; that, however, the judge must not allow the jury to speculate guilt without evidence or to stray into pure surmise, bias or prejudice. If upon the evidence there is a question whether the accused is guilty or is innocent, the jury must decide that question; the judge cannot decide such a question. And the judge cannot decide that upon the evidence the accused is guilty and direct a verdict accordingly; a finding of guilt is for the jury alone. Only when there is upon the evidence no doubt that the verdict must be not guilty can the judge "take the case from the jury"; only then can he direct a verdict. The line between a verdict of guilty and one of not guilty is, of course, at the point where a reasonable mind has a reasonable doubt of the accused's guilt. Hence we said in the Curley case that, if a judge is of opinion that upon the evidence a reasonable mind could not find guilt beyond a reasonable doubt, he must not let the jury act, because to do so would be to let it speculate without evidence adequate in law. We expressed it thus:

"The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted." [2]

■■■■ It is clear to us that upon the evidence in the case at bar a reasonable mind must necessarily have had a reasonable doubt as to Cooper's guilt. The total absence of any semblance of direct proof against Cooper, in the presence of so much direct proof as to the robbery and the robbers, must, we think, make a reasonable man have a reasonable

---

**1.** 81 U.S.App.D.C. 389, 160 F.2d 229 (1947), certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

**2.** Id., 81 U.S.App.D.C. at 392, 160 F.2d at 232.

doubt upon the evidence as it stood. That the getaway car was being bought by Cooper, that he was a friend of Bullard, who was clearly one of the robbers according to this record, and that he asked his cousin to corroborate his being in North Carolina, create suspicion. Such evidence might raise a question in a reasonable man's mind. But that is not enough. Guilt, according to a basic principle in our jurisprudence, must be established beyond a reasonable doubt. And, unless that result is possible on the evidence, the judge must not let the jury act; he must not let it act on what would necessarily be only surmise and conjecture, without evidence.

The judgment of conviction must be set aside. Since it is our view that the trial court should have directed that a judgment of acquittal be entered at the close of the case, we must direct that it do so now. Judgment will be so entered.

Reversed.