**Robert J. MOORE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18867.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 21, 1965.

Decided March 4, 1965.

Mr. Roger N. Boyd, Washington, D. C., with whom Mr. Eldon H. Crowell, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and John E. Hogan, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

BAZELON, Chief Judge.

■ Appellant admitted his presence at the scene of the robbery for which he stands convicted. He offered a plausible explanation of his apparent complicity. But the jury found him guilty upon sufficient evidence after an exemplary charge on reasonable doubt.[1] Although we affirm the conviction, two issues deserve comment.

■ Appellant contends that a question that the court asked him during his explanation of the circumstances of his arrest prejudiced his defense, by implying to the jury that the judge did not believe an important element of appellant's story.[2] Whether the jury would have so understood the question is highly doubtful. And no objection was made. The question was a small incident in an otherwise sound trial. We do not regard it as plain error, Rule 52(b), FED.R. CRIM.P.

■ Appellant also complains about the court's delivery of the so-called *Allen* charge. After seven hours, the jury reported itself in "hopeless deadlock" and the judge called it back to the courtroom to deliver that charge.[3] The jury returned its verdict in a little over thirty minutes. We do not agree with appellant that the judge must have known that the jury was unevenly divided and therefore should have refrained from delivering the charge. However, since the charge is potentially coercive, its content and manner of use deserve scrutiny.[4] Here the trial judge adhered precisely to the summary of the approved charge given by the Supreme Court in *Allen*.[5] He in-

1. The charge, in pertinent part, was as follows:

   "The burden of proof rests upon the government to establish the guilt of the defendant. That burden is carried by what is known as proof beyond a reasonable doubt. The government has the burden of establishing the guilt of the defendant beyond a reasonable doubt. The defendant is not required to establish his innocence under our system of jurisprudence. Now reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you can give a reason. It is such a doubt as would cause a juror, after careful and candid and impartial consideration of all the evidence, to be so undecided that he cannot say that he has an abiding conviction of the defendant's guilt. It is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life. However, it is not a fanciful doubt nor a whimsical doubt, nor a doubt based on conjecture. It is a doubt which, as I say, is based on reason. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. Its burden is to establish guilt beyond a reasonable doubt."

   Compare Jones & Campbell v. United States, 338 F.2d 553, decided Oct. 15, 1964.

2. That question related to his apprehension by police when his foot stuck in a wire mesh fence which had just been scaled by the conceded participant in the robbery (who has never been apprehended). Appellant claimed that he had run *up to* the fence in an effort to apprehend the escaping felon, and he so testified on both direct and cross examination. At the conclusion of the examination, the trial judge directed this series of questions to him:

   "Q Robert, where were you when you first became aware of the fact that the police were pursuing you?

   "A I was past the Pepsi Cola plant * * *.

   "Q That was the first time you became aware of the fact?

   "A Yes.

   "Q How far was that from the place where you attempted to get *over* the fence?

   "A Let's see. I really couldn't say." [Emphasis supplied.]

3. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

4. Jenkins v. United States, 117 U.S.App. D.C. 346, 347–48, 330 F.2d 220, 221–22 (dissenting opinion), reversed, 85 S.Ct. 1059; Green v. United States, 309 F.2d 852 (5th Cir. 1962), and cases cited therein.

5. Note 3 *supra* at 501, 17 S.Ct. at 157. While the Supreme Court merely summarized the charge, which appears in Commonwealth v. Tuey, 8 Cush. 1, 2–3 (Sup.Jud. Ct.Mass.1851), it did so "in substance," and it is this summary whose use has been approved in subsequent cases, Green v. United States, note 4 *supra*.

troduced the charge with only a reminder of the time already spent trying the case and of the Supreme Court's approval of the charge. There was no objection. In these circumstances, we do not think the impact of the introduction rendered the charge, as a whole, error.

Affirmed.

BASTIAN, Circuit Judge, concurs in the result.