Stanley H. MULLIN, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 19308.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 29, 1965.

Decided Jan. 25, 1966.

Mr. M. Michael Cramer, Washington, D. C., with whom Mr. H. Thomas Sisk, Jr., Washington, D. C. (both appointed by this Court), was on the brief, for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., for appellee. Mr. John C. Conliff, Jr., U. S. Atty. at time brief was filed, Messrs. Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., and Mr. Jerome Nelson, Asst. U. S. Atty. at time brief was filed, were on the brief, for appellee.

Before BURGER, WRIGHT and LEVEN-THAL, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a judgment of conviction of robbery. D.C.Code Sec. 22–2901 (1961). The principal questions presented are whether the trial resulting in the conviction under review violated the double jeopardy clause of the Fifth Amendment and whether that claim is timely. The double jeopardy claim rests on the circumstance in a prior trial in which the District Judge declared a mistrial when the jury, having retired to deliberate, sent a note to the District Judge as follows:

> "Your Honor, the jury in this are not able to reach an unanimous decision. At this time we are deadlocked on the lack of evidence in this case. We feel that more conclusive evidence is needed to bring about a full vote.
>
> Charles J. Dungee, Foreman
> Seven—Guilty
> Four—Not Guilty
> One—Undecided"

No objection to the declaration of mistrial was made by either counsel; five days later Appellant's counsel filed a motion for acquittal contending that the note from the Jury Foreman meant the Government had failed to prove its case. This motion was denied and no review was sought of the District Court's action until the point was raised here after conviction at the second trial. We note that Appellant was represented by the same counsel at both trials but at no time in the second trial was the claim of double jeopardy raised.

If a jury reports to a Trial Judge that none of the jurors considers the evidence sufficient for a conviction it would of course be the duty of the Judge to instruct the jury that such agreement

on the lack of evidence compelled a verdict of acquittal. However in this case, the note from the jury did not indicate that the jurors were agreed on "the lack of evidence" but only that they were "not able to reach an unanimous decision," and that "more conclusive evidence is needed to bring about a full vote." This was nothing more than a layman's way of advising the Court that the jury could not agree. Had the jury said no more, the Court might well have considered the appropriateness of a supplemental charge to remind them of each juror's duty to give consideration to views of the others.

■■ We hold that the note from the jury neither compelled nor warranted a directed verdict of not guilty. Moreover, the failure to object when a mistrial was granted but before the order was carried out and the jury dispersed, would appear to bar any such claim under Scott v. United States, 91 U.S.App.D.C. 232, 202 F.2d 354 (1952), cert. denied, 344 U.S. 879, 73 S.Ct. 176, 97 L.Ed. 681 (1952).

■ The additional information in the note revealing that the jury vote was 7 to 4 for conviction with 1 juror undecided precipitated another problem, and gave rise to a subsidiary question which merits some comment. It was incorrect, of course, for the Jury Foreman to reveal the status of the votes but once this had been revealed it was proper for the Trial Judge to declare a mistrial on this ground alone independent of the claimed deadlock. It would have been a precarious undertaking for the Judge to give a supplemental charge to consider each other's views when he was already advised that only 4 of 12 jurors voted for acquittal. He could reasonably assume that if he gave such charge knowing that only 4 jurors had to be persuaded to change their votes, defense counsel would protest vigorously on appeal that the only correct solution was to declare a mistrial, especially in a case involving less than two trial days. *Cf.* Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345 (1926); Burton v. United States, 196 U.S. 283, 307–308, 25 S.Ct. 243, 49 L.Ed. 482 (1905); Williams v. United States, 119 U.S.App.D.C. 190, 338 F.2d 530 (1964). Assuming, *arguendo,* Appellant has not waived all right to raise this point, we hold there was no abuse of discretion in declaring a mistrial.

■ While it is probably rare for jurors to reveal the standing of their vote to anyone before verdict or deadlock is found we commend to the District Court a fixed practice of admonishing every jury at the time it retires that it must not reveal the standing of its vote at any time to anyone, including the Trial Judge, but to report only a verdict or inability to reach one.

Affirmed.