**William T. FULWOOD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20121.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 13, 1966.

Decided Dec. 5, 1966.

Petition for Rehearing En Banc Denied Jan. 13, 1967.

Mr. Leland T. Johnson, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert Kenly Webster, Asst. U.S. Atty., for appellee. Messrs. David G. Bress, U.S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U.S. Attys., and Donald I. Bierman, Attorney, Department of Justice, were on the brief for appellee.

Before DANAHER, BURGER and McGOW-AN, Circuit Judges.

BURGER, Circuit Judge:

Appellant was convicted on two counts of robbery and sentenced to concurrent terms of from two to six years' imprisonment. This appeal challenges the trial judge's use of the so-called *Allen* charge.[1] The attack takes two forms: first, that the *Allen* charge is per se coercive; second, that it was particularly coercive in this case because of the circumstances in which it was given and because of the manner in which the wording differed from that approved by the Supreme Court.

The *Allen* charge has faced frequent attack, but the Supreme Court by implication recently reinforced its approval of the charge; it rejected an appeal challenging a Court of Appeals acceptance of the charge with the notation that it found no error in this claim.[2] All Courts

---

1. The charge takes its name from the Supreme Court's approbation of a lower court charge in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

2. Kawakita v. United States, 343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249 (1952), affirming, 190 F.2d 506 (9th Cir. 1951).

**962**

of Appeals faced with the issue have affirmed the charge,[3] and this Court has recently upheld its use in Moore v. United States, 120 U.S.App.D.C. 203, 345 F.2d 97 (1965). See Copes v. United States, 120 U.S.App.D.C. 234, 345 F.2d 723 (1964); Cf. Mullin v. United States, 123 U.S.App.D.C. 29, 356 F.2d 368, 370 (1966).

■ We have been presented with no arguments that lead us to alter our view that the *Allen* charge is a carefully balanced method of reminding jurors of their elementary obligations, which they can lose sight of during protracted deliberations. It is perfectly valid to remind them that they should give some thought to the views of others and should reconsider their position in light of those views. The charge as given here did not *require* the jury to reach a verdict but only reminded them of their duty to attempt an accommodation. While it suggests to the minority that they reconsider their position in light of a majority having a different view, it reminds them that they should not acquiesce in a verdict which does not represent their own convictions.

■ We come then to the argument that there are special circumstances here. The first of those alleged to have made the *Allen* charge coercive in this case is the fact that in his original charge the trial judge gave the jury a portion of the *Allen* charge, describing the duty of jurors to keep an open mind and to weigh the arguments of their peers. Repetition of these verities in the supplemental charge, along with the rest of the *Allen* charge, can hardly be thought error, see United States v. Kahaner, *supra;* it is not unreasonable to recognize that by passage of time and by the effects of deliberation and debate, the jury could have lost sight of these elementary obligations.

■ Appellant also argues that allowing the jury to separate and recess for the night after giving them the *Allen* statement unduly reinforced the effects of the charge and made the minority even more unsure of its position. This is obviously fallacious; if anything, sequestration immediately after giving the *Allen* charge increases the pressure, although legitimately, on jurors. Here the members of the jury were free to ponder on the supplemental charge apart from their fellow jurors for approximately 18 hours.

Finally, Appellant argues that the charge given here went further than both what was approved in *Allen* and what was said by the Court by way of explanation. He points to the fact that appellate solicitude has been expressed that trial judges stay within the terms of the *Allen* opinion[4] and urges that there are significant departures here requiring reversal. Except for meaningless verbal variations, there are three features of the instruction which differ slightly from the *Allen* opinion.

■ At one point, the trial judge said that a juror should "distrust" his judgment if he finds the large majority takes a different view. This may be viewed as slightly stronger than the phraseology of *Allen* ("consider whether his doubt

3. See, e. g., Thaggard v. United States, 354 F.2d 735 (5th Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); DeVault v. United States, 338 F.2d 179 (10th Cir. 1964); United States v. Kahaner, 317 F.2d 459, 483–484 (2d Cir.), cert. denied Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963); United States v. Barnhill, 305 F.2d 164 (6th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 126, 9 L.Ed.2d 102 (1962); White v. United States, 279 F. 2d 740, 750 (4th Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 96, 5 L.Ed.2d 74 (1960); Costello v. United States, 255 F.

2d 389, 398 (8th Cir.), cert. denied, 358 U.S. 830, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958); United States v. Gordon, 196 F.2d 886, 891–892 (7th Cir.), rev'd on other grounds, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1952); Kawakita v. United States, 190 F.2d 506 (9th Cir. 1951) aff'd, 343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249 (1952).

4. See, e. g., Williams v. United States, 119 U.S.App.D.C. 190, 338 F.2d 530 (1964); Green v. United States, 309 F.2d 852 (5th Cir. 1962); Powell v. United States, 297 F.2d 318 (5th Cir. 1961).

was a reasonable one") but it is not enough of a difference to require reversal, especially since it was followed by a precise repetition of the *Allen* phraseology.

■ A second variation occurred when the judge instructed that "if much the larger number of jurors are for acquittal" or "if the majority of the jurors are for conviction", the minority in each situation should re-examine its position. While this was a transposing of the terms used by *Allen*, which referred to a majority of those voting for acquittal and much the larger number being in favor of conviction, we do not see in it a coercive thrust.

■ The third variation claimed as rendering the *Allen* charge coercive was the judge's statement that "some jury some time will have the duty to decide this case, and *I hope* that you, as the jury in this case, *will be able* to decide this matter." (Emphasis supplied.) This statement could not reasonably have any coercive effect. It is merely a legitimate expression of a *hope* that the jury would decide the case if it could. The statement that some other jury would have to decide the case if this one could not was

accurate as a generality and, in any event, could have had no coercive impact on the jury. If they already knew what would likely happen if they deadlocked, it was surplusage; if they did not know, this information, far from being coercive, would have had the effect of reducing the pressure on them to reach a verdict.

In United States v. Gordon, *supra*, a similar statement was found not to be error, since the judge "expressly explained that it was the jury's duty to decide the case, only if it could conscientiously do so," 196 F.2d at 891–892; the same explanation was made in the instant case. See also Thaggard v. United States, *supra*; United States v. Barnhill, *supra*; Kawakita v. United States, *supra*.

While we have considered the slight variations in the *Allen* charge and found them nonprejudicial and noncoercive, we note that considerable work for this court would be eliminated if District Judges would consistently use a form of instruction plainly within *Allen*.[5]

Affirmed.

McGOWAN, Circuit Judge, concurs in the result.

---

5. The bar performed a very useful service in summarizing and stating succinctly and accurately what the Supreme Court permits by a way of a supplemental charge

when a jury impasse arises. See JUNIOR BAR SECTION OF D. C. BAR ASS'N, CRIMINAL JURY INSTRUCTIONS § 41 (1966).