Raymond B. **KELLY**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 4245.

District of Columbia Court of Appeals.

Argued July 17, 1967.

Decided Oct. 3, 1967.

Roland D. Hartshorn, Arlington, Va., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

This appeal is from a conviction of operating a motor vehicle while under the influence of intoxicating liquor.[1] Counsel on appeal, who was not trial counsel, raises three claims of error.

It is first claimed that the evidence was insufficient as a matter of law and fact to sustain the conviction. We are satisfied that the testimony of the police officers as to the manner in which appellant drove his automobile and his condition at the time of arrest and immediately thereafter, plus appellant's admission that he had consumed an "estimated" four alcoholic drinks prior to the occurrence, furnished ample evidence to support the jury's finding.

It is next contended that the court failed to properly define for the jury the meaning of "under the influence." Appellant's experienced trial counsel did not object to the instructions as given, and in the absence of plain and prejudicial error we do not reach the question whether a more ex-

1. D.C.Code 1961, § 40–609(b).

plicit instruction on "under the influence" would have been preferable.

The third claim of error relates to instructions given the jury after it reported it had not been able to reach agreement. At the suggestion of the foreman of the jury, the court again instructed on the meaning of "under the influence" in substantially the same language of the previous instruction to which no objection was made. As indicated before, we find no plain and prejudicial error in the instructions as given.

At the conclusion of those instructions the court also gave the *Allen* charge. For the first time on appeal, it is claimed that the court unduly emphasized that some jury at some time would have to decide the case and would not likely have more information than the present jury. Assuming that this argument may be raised for the first time on appeal, we hold that the wording of the charge was not reversible error. See Fulwood v. United States, 126 U.S. App.D.C. ——, 369 F.2d 960 (1966).

Affirmed.

