Charles Wilbert **CARTER**, Jr., Appellant,

v.

**UNITED STATES**, Appellee.

No. 4426.

District of Columbia Court of Appeals.

Argued June 10, 1968.

Decided July 24, 1968.

DeLong Harris, Washington, D.C., for appellant.

Joel M. Finkelstein, Asst. U.S. Atty., for appellee, David G. Bress, U.S. Atty., Frank Q. Nebeker and Richard M. Cahill, Asst. U.S. Attys., and Larry D. Knippa, Sp. Atty. to U.S. Atty., were on the brief, for appellee.

Before MYERS, KELLY and FICK-LING, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted of carrying a pistol without a license in violation of D.C. Code 1967, § 22–3204. His sole contention is that the weapon was seized pursuant to an arrest made without probable cause, and therefore the trial court erred in denying his motion to suppress the evidence.

About 1:50 p. m. on February 23, 1967, while the arresting officers were cruising in a patrol wagon, they received a radio dispatch that a robbery was taking place at a filling station at Barney Circle, S.E. While proceeding to the scene of the purported robbery, they received a second dispatch indicating that the subject, a Negro male, had run to a red Cadillac convertible parked nearby in the 800 block of Kentucky Avenue. Within a minute or two, the officers arrived at the 800 block of Kentucky Avenue, and seeing appellant in a red Cadillac convertible about to pull from the curb, they blocked his movement with the patrol wagon, arrested him, and found a pistol on his person. Later, the robbery report was discovered to be false, having been received by the police department from an anonymous caller.

Appellant argues that the lack of probable cause was due to the anonymity of of the person reporting the crime. We do not agree. The Supreme Court has defined probable cause as existing where the facts and circumstances within the police officers' knowledge and of which they have *"reasonably trustworthy information"* are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been committed. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In Brown v. United States, 125 U.S.App.D.C. 43, 46, 365 F.2d 976, 979 (1966), where, while appellant had been stopped by the police on a traffic violation, a radio dispatch regarding a robbery by a person of his description was broadcast and the officers placed him under arrest for robbery, the court stated that the fact "[t]hat the information came from an *unknown victim* of the crime did not preclude the policeman's having probable cause to arrest Appellant on the basis of it." (Emphasis supplied.) The court found the

need for judging the reliability of the source unnecessary where that source was purported to be a victim of the robbery, albeit unidentified. In the instant case the source is a purported anonymous eye witness. As pointed out in the recent case of Daniels v. United States, 129 U.S.App.D.C. ——, 393 F.2d 359 (decided March 29, 1968), "[t]here is no requirement that the arresting officer have sufficient firsthand knowledge to constitute probable cause. It is enough that the police officer initiating the chain of communication either had firsthand knowledge or received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth."

■ The reasonableness of the officers' belief and subsequent action must be determined by the "probabilities deduced from a set of circumstances taken in combination, not singly."[1] The circumstances here involved information coming from an unknown eye witness concerning a purported robbery and the presence of the subject nearby, identified as a Negro male in a red Cadillac convertible. The police officers, upon finding that information corroborated by the presence of a person at the reported location meeting the description given them, would not have been unreasonable in inferring that they had "reasonably trustworthy information" and therefore had probable cause to arrest appellant.

The fact that no robbery was actually committed is immaterial, where at the moment of arrest, the officers clearly had probable cause to believe that a felony had been committed and that appellant was the person described as having committed it.[2]

Affirmed.

---

1. Heard v. United States, D.C.App., 197 A.2d 850, 851 (1964). In *Heard* a housebreaking lookout at 2 a. m. for a Negro male on foot wearing a blue shirt was held to be probable cause to arrest appellant, who was found in the area of the reported housebreaking dressed in the manner described in the lookout.

2. "When the policeman has probable cause to believe that a felony has been committed, it is not necessary that the arrest uncover the actual commission of a felony." McFarland v. United States, D.C.Mun.App., 163 A.2d 627, 629 (1960). And see 5 Am.Jur.2d Arrest §§ 22 and 25 (1962).