**Hezekiah BLUE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5343.**

District of Columbia Court of Appeals.

Argued Oct. 5, 1970.

Decided Nov. 6, 1970.

George C. Dreos, Washington, D. C., appointed by this court, for appellant.

John S. Ransom, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Robert S. Tignor, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

■ This appeal from a conviction on a charge of receiving stolen property[1] makes four claims of error. First, it is claimed that the evidence was not sufficient to sustain a verdict of guilty. There was evidence that appellant was in possession of a coat that had been recently stolen. Possession of property recently stolen, if not satisfactorily explained, permits the jury to infer that the person in possession knew it had been stolen.[2] Obviously the jury did not find appellant's explanation satisfactory.

The second error claimed relates to the trial court's refusal to "emphasize to the jury the fact that they are not to consider whether the television set was the subject of stolen property, only that the coat is what is being charged here." When appellant was found in possession of the coat

1. D.C.Code 1967, § 22–2205.

2. United States v. Prujansky, 415 F.2d 1045 (6th Cir. 1969); Hale v. United States, 410 F.2d 147 (5th Cir. 1969); Kramer v. United States, 408 F.2d 837 (8th Cir. 1969). *See also* State v. DiRienzo, 53 N.J. 360, 251 A.2d 99 (1969). *Cf.* Bray v. United States, 113 U.S.App. D.C. 136, 306 F.2d 743 (1962), *and* Inman v. United States, 100 U.S.App.D.C. 150, 243 F.2d 256 (1957).

he was using it as a cover for a television set. He was charged only with possession of the coat, and the Government offered no evidence that the television set had been stolen. The only evidence tending to show theft of the television set came from appellant when he testified in his own behalf and attempted to explain possession of both the coat and the television set. When the trial judge, after instructing the jury, was asked to give the above quoted instruction, he replied: "No, that has been covered in argument." On the record before us, which does not include the argument to the jury, we cannot hold there was error.

The third claim of error complains of the inadequacy of the instructions relating to intent, but we are satisfied that the jury was sufficiently instructed on the subject.

■ The final claim of error relates to the sufficiency of the instruction on the subject of reasonable doubt. The instruction was as follows:

> Now, the Government has the burden of proof. The Government must prove its case beyond a reasonable doubt. A reasonable doubt is any doubt for which you can give a reason. It is not all possible doubt and it is not a whimsical doubt.

No objection was made to this portion of the charge. Appellant's counsel, who was not trial counsel, says the instruction did not sufficiently and properly define reasonable doubt. Perhaps the instruction was not ideal but perhaps also no ideal definition of reasonable doubt can be given.[3] In many jurisdictions it is held that no definition of reasonable doubt is required, because the term is readily understandable, and any attempt to explain or define tends to confuse rather than enlighten.[4] Typical of those cases is State v. Ransom, 340 Mo. 165, 100 S.W.2d 294, 299 (1936), where the court quoted from a prior decision as follows: "It is difficult to explain simple terms like 'reasonable doubt' so as to make them plainer. Every attempt to explain them renders an explanation of the explanation necessary."

The Supreme Court has recognized the difficulty of formulating a satisfactory definition. In Miles v. United States, 103 U.S. 304, 312, 26 L.Ed. 481 (1881), it was said: "Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury."[5]

In this jurisdiction, at least since Egan v. United States, 52 App.D.C. 384, 287 F. 958 (1923), it has been the rule that, if requested, the charge must define what constitutes a reasonable doubt. It has also been held that, even if not requested, it is the "better practice" to define the term. Mundy v. United States, 85 U.S. App.D.C. 120, 176 F.2d 32 (1949).

Here, no objection was made to the charge and no request made for a more detailed definition of reasonable doubt. Under these circumstances, we hold that the error, if any, was harmless.

Affirmed.

3. *See, however,* Moore v. United States, 120 U.S.App.D.C. 203–204, 345 F.2d 97, 98 (1965), wherein, at footnote 1, is quoted a charge on reasonable doubt characterized by the court as "an exemplary charge."

4. *See* State v. Freeman, 85 Idaho 339, 379 P.2d 632 (1963) for an excellent discussion of the subject.

5. This language was quoted, with apparent approval, in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1955).