William Walter HOPKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 5360.

District of Columbia Court of Appeals.

Argued Jan. 12, 1971.

Decided March 8, 1971.

---

Michael F. X. Dolan, Washington, D. C., appointed by this court, for appellant.

C. Madison Brewer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Michael J. Madigan, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant and his codefendant Harold Taylor, who is not a party to this appeal, were convicted by a jury of attempted burglary II [1] and destruction of property.[2] It is claimed on this appeal that the trial court erred in denying appellant's motion for a judgment of acquittal and, further, that the court's instructions both on reasonable doubt and presumption of innocence were so inadequate as to constitute plain error. We affirm.

The complaining witness, Mrs. Sandra R. Traylor, testified that on the day in question she heard "scraping and chipping" noises as she rode in the elevator between the fourth and fifth floors of the apartment house where she lived. It was after seven at night and work in the apartment house was normally done during the day. As she got off the elevator on the fifth floor and turned toward her apartment she saw appellant gesture to Taylor and then walk quickly into the waiting elevator where he was immediately joined by Taylor, who had run past her. When she got to her apartment door, Mrs. Traylor saw a large hole in it and wood chips on the floor. She immediately ran down the steps and out of the building calling to her husband and others gathered outside to "get a good look" at the faces of appellant and Taylor because they had just tried to break into her apartment. Her husband testified that he stopped the codefendant Taylor who told him that his wife was crazy and continued on his way, dropping a shiny object between two parked cars as he did so. Mr. Traylor recovered a large yellow-handled screwdriver from between the cars after calling to two policemen standing across the street, who then caught up with appellant and Taylor and returned with them to the apartment building. A subsequent search of Taylor uncovered a single brown leather glove.

Appellant and Taylor testified that they were in the apartment building looking for a lady whom they wanted to join a musical group to which they belonged. They de-

1. D.C.Code 1967, § 22–103; § 22–1801(b) (Supp. III, 1970).

2. D.C.Code 1967, § 22–403.

nied any attempt to enter the Traylor apartment.

■ As to appellant's first claim of error, the rule in this jurisdiction, as laid down in Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), and reaffirmed in Cooper v. United States, 94 U.S.App.D.C. 343, 218 F.2d 39 (1954), is that "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion [for judgment of acquittal] must be granted." [3] It cannot be said, however, that in the case at bar a reasonable mind "must necessarily have had a reasonable doubt as to [appellant's] guilt." [4] Appellant was placed at the scene of the crime. He and Taylor were identified by the complainant as the only people in the hall near her apartment when she alighted from the elevator after hearing suspicious noises. Complainant also said that upon her arrival the two departed the scene in some haste. And there was the additional testimony that Taylor dropped a screwdriver while being followed. Such evidence, with the reasonable inferences to be drawn therefrom, unquestionably suffices to support a conclusion of guilt beyond a reasonable doubt. Accordingly, the motion for judgment of acquittal was properly denied.

■ Appellant also argues that the trial court's instructions on reasonable doubt and presumption of innocence were so inadequate as to constitute plain error. We have recently ruled in Blue v. United States, D.C.App., 270 A.2d 508 (1970), that it was not reversible error to give a similar, more cursory, instruction on reasonable doubt under circumstances where no objection was made to the charge and no request made for a more detailed definition. Here, the trial judge gave the presumption of innocence instruction in conjunction with an explanation of the Government's burden in a criminal case to prove guilt beyond a reasonable doubt. He then defined reasonable doubt to the jury in terms which, as in *Blue,* were adequate if not ideal. No objection was made by counsel to the instructions nor was any request made for a more detailed definition of reasonable doubt. The error in the court's instructions, if any, was therefore harmless.

*Affirmed.*

---

3. 81 U.S.App.D.C. at 392–393, 160 F.2d at 232–233; 94 U.S.App.D.C. at 345, 218 F.2d at 41.

4. 94 U.S.App.D.C. at 345, 218 F.2d at 41.