**Frederick W. GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5407.**

District of Columbia Court of Appeals.

Argued Dec. 14, 1970.

Decided March 31, 1971.

Rex K. Nelson, Washington, D.C., appointed by this court, for appellant.

Robert S. Tignor, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and James A. Caulfield, Asst. U. S. Attys., were on brief, for appellee.

Before HOOD, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

After trial by the court,[1] appellant was convicted of possession of heroin.[2] On this appeal, he raises three claims of error.

First, it is urged that the trial court erred in denying appellant's motion to suppress the narcotics found in the vehicle in which appellant was a passenger. Second, the evidence is insufficient to sustain appellant's conviction and third, the evidence failed to make out a crime as appellant was an addict and not a trafficker in narcotics.

The Government presented evidence that two officers of the Metropolitan Police received a radio call advising them that the occupants of a white Mustang car bearing a specific license plate number, were using narcotics and carrying a gun at First and M Streets, N.W. The officers proceeded to that location and observed a parked car matching the description of the Mustang and bearing the same license plate number as the one they had been given on the radio call. The car was occupied by three men. Appellant was seated on the passenger side of the front seat, Hillard was behind the steering wheel, and McKinney was sitting on the rear seat. A fourth man, named Claybourne, was standing by the open passenger door.

After having positioned the cruiser behind the Mustang, Officer Hoefer approached the driver's side of the Mustang while the second officer remained behind the open passenger door of the police car with his pistol drawn and pointed downward.

The officer, who approached the Mustang, testified that as he stood beside and to the rear of the driver's door of the Mustang, he "saw what appeared to be some type of narcotics,"[3] on the floorboard under the brake pedal. In answer to another question he explained that he saw "a plastic vial with capsules in it.". The officer then had the men get out of the car and stand up against a "fence" or "board wall."

The car, which belonged to Hillard, was searched and the following were found: the vial with the capsules in it under the brake pedal; a bottle top and syringe (including needle) on the floor in the same general area; a cup of water on the console between the front seats; a pistol under the driver's seat; and a leather shoelace with a knot tied in one end on the rear seat. Cash in the amount of $113.00 was seized from appellant.

Appellant argued that the action of Officer Hoefer in approaching the car in which appellant was seated, in conjunction with that of his partner, constituted an arrest and that an arrest at that point was not supported by probable cause. Accordingly, appellant contends that the evidence subsequently seized should have been suppressed by the trial court. We cannot agree with appellant's argument.

There had not been an imposition of custody at that point. The officer's use of a drawn pistol, while standing behind the door of the squad car, for the purpose of "covering" his partner, did not constitute an arrest. Hicks v. United States, 127 U.S.App.D.C. 209, 382 F.2d 158 (1967); United States v. McKethan, 247 F.Supp. 324 (D.D.C.1965). The radio call indicated the suspects had a gun and the officer's

1. Appellant was tried with two codefendants, Jesse E. Hillard and Robert L. McKinney. Trial by jury was waived by all three defendants. Hillard was found guilty of carrying a pistol without a license and not guilty of possession of drugs. McKinney was found not guilty of possession of drugs and not guilty of carrying a pistol without a license.

2. D.C.Code 1967, § 33-402.

3. Appellant stipulated at trial that the vial contained 103 capsules of heroin mixture.

testimony revealed that the sole purpose of such action was for protection against potentially dangerous individuals and not to assert any custodial restraint. A reasonable man, in the defendant's shoes, innocent of any crime would not have thought he was under arrest.

The instant case is quite analogous to Dorsey v. United States, 125 U.S.App.D.C. 355, 358, 372 F.2d 928, 930 (1967), in which the court held that where police officers saw two known narcotics offenders in a parked car, in a narcotics peddling area, the officers "were entitled to extend their preventative patrolling mission to the extent of approaching the car and observing what was going on inside."

■ The officer's reasonable suspicions resulting from the information in the radio call and corroborated by the matching details of a white Mustang at 1st and M Streets, N.W., bearing the same license plate number, matured into probable cause to arrest when he saw a vial on the floor of the car which he believed to contain narcotics. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Costello v. United States, 324 F.2d 260, 262 (9th Cir. 1963). The arrest having been based on probable cause, the ensuing search of the car was reasonable and the trial court properly overruled defendant's motion to suppress.

The appellant's second contention on appeal is that "The evidence is insufficient to sustain appellant's conviction of possession of drugs, there being no showing direct or indirect that he had any knowledge of the drugs or that he at any time had possession." We should note that at the end of the Government's case, defendant Green moved for judgment of acquittal, but did not renew the motion at the close of all of the evidence. In his brief on appeal the defendant simply questions the sufficiency of the evidence.

The rule in this jurisdiction is that "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion [for judgment of acquittal] must be granted." Hopkins v. United States, D.C.App., 274 A.2d 418 (decided March 8, 1971) citing Curley v. United States, 81 U.S.App.D.C. 389, 392–393, 160 F.2d 229, 232–233, cert denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L. Ed. 1850 (1947) and reaffirmed in Cooper v. United States, 94 U.S.App.D.C. 343, 345, 218 F.2d 39, 41 (1954).

In considering the evidence found in the car, scattered as it was both in the front and back seats, the court could properly conclude that the defendant was a knowing party to what was going on and could not have been oblivious to the presence of the incriminating evidence. Accordingly, it is our view that the evidence was sufficient to support a finding of guilt beyond a reasonable doubt. Bourg v. United States, 286 F.2d 124 (5th Cir. 1960).

■ Appellant's final contention is that the evidence failed to make out a crime even if he had possession of the drugs, because he is an addict and consequently is shielded from punishment by the Eighth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), upon which appellant relies, does not support that contention. Neither does Watson v. United States, 439 F.2d 442 (D.C.Cir. decided July 15, 1970). Appellant was not charged with being an addict but was charged and convicted of "possession". He testified at trial that he intended to buy "dope" for himself and his two companions. The quantity of narcotics found by the trial court to be in appellant's possession was not suggestive of nontrafficking possession. Accordingly, the conviction is

Affirmed.