Ernest Lee DAVIS, Appellant,

v.

UNITED STATES and District of
Columbia, Appellees.

No. 5870.

District of Columbia Court of Appeals.

Argued Oct. 4, 1971.

Decided Dec. 13, 1971.

John E. Kloch, Washington, D. C., appointed by this court, for appellant.

Ann S. DuRoss, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Charles E. Brookhart, Asst. U. S. Attys., were on the brief, for appellee United States.

C. Francis Murphy, Corp. Counsel, Richard W. Barton and Earl A. Gershenow, Asst. Corp. Counsels, entered appearances for appellee District of Columbia and adopted oral argument of counsel for appellee United States.

Before HOOD, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from convictions for carrying a dangerous weapon (handgun) without a license (D.C.Code 1967, § 22–3204), possession of an unregistered gun and unlawful possession of ammunition (Police Regs. art. 51, § 1 and art. 53, § 2).[1] Appellant contends that the gun and ammunition should have been suppressed as the fruits of an illegal search. We disagree and affirm the convictions.

On October 26, 1970, two police officers received a radio message that a man by the last name of Davis was sitting in a car in the vicinity with a gun. The message identified the car as a white Rambler, named its location and specified its license plate number. Within minutes the officers arrived at the location and observed a white Rambler bearing the specified license plates parked at the curb. Appellant was sitting in the front seat reading a newspaper.

The officers approached from different sides and asked appellant to get out of the car.[2] He exited from the side of the car where one officer was standing and, upon

---

1. Appellant was convicted of carrying a dangerous weapon by a jury and of violating the Police Regulations by the court sitting without a jury.

2. There was some confusion in the officers' testimony as to which side of the car each officer approached but we do not view this as material here.

inquiry by the officer, said his last name was Davis. As appellant was getting out of the car, the other officer opened the door on the opposite side of the car and noticed the barrel of a gun protruding from beneath the seat. He reached into the car, removed the gun and told appellant he was under arrest.

Appellant makes two contentions. First, he argues that he was under arrest when told to exit from the car and the arrest was made without probable cause; and therefore, the gun, seized in a search incident to an illegal arrest, should have been suppressed. Second, he contends that even if the police action constituted a mere "stop and frisk", the search exceeded the limits permitted under the stop-and-frisk doctrine.

When the officers received information that a man was sitting in a car with a gun, it was their duty to make an investigation of that report; and when the description of the car and the license plates proved correct, they were justified in taking further steps in their investigation. No arrest occurred by the mere act of approaching the car. Because the man in the car was reported to have a gun, asking appellant to step out of the car constituted a reasonable investigative precaution. Furthermore, it was prudent for the officers to protect themselves by maintaining a constant view of the man by opening both doors as he exited from the car.

Having validly opened the car door during the course of this justifiable investigative stop, it was permissible for the officer to seize the pistol when it came within his plain view. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Johnson, 143 U.S.App.D.C. 215, 442 F.2d 1239 (1971). Having seen the pistol, the officer was then authorized to arrest.

The officers acted within the scope of constitutional permissibility and the gun found in plain view during this valid police investigation was properly admitted into evidence.

Affirmed.