**Albert RAGLAND, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6507.

District of Columbia Court of Appeals.

Submitted Nov. 14, 1972.

Decided Jan. 8, 1973.

Philip B. Brown, Washington, D. C., appointed by this court, on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and C. Madison Brewer, Asst. U. S. Attys., on the brief for appellee.

Before KELLY and YEAGLEY, Associate Judges, and QUINN, Associate Judge, retired.

KELLY, Associate Judge:

In this appeal from a conviction as a repeat offender of carrying a pistol without a license, D.C.Code 1967, § 22–3204, it is claimed (1) that the trial court erred in accepting counsel's representation that the seizure of the gun was not challenged, and (2) that the evidence was insufficient to support appellant's conviction. We affirm.

Briefly, the prosecution testimony was that about 2:00 a.m. on January 26, 1972, Officers Hooker and Booker heard a gunshot while sitting in their parked scout car in an alley in the 1300 block of H Street, N.E. They pulled from the alley, rounded the corner, and saw several persons in a doorway who pointed down the street towards a man entering a parked automobile. The officers approached the automobile and asked the driver, the appellant, to get out of the car. After some hesitation appellant stepped from the car and, as Officer Hooker searched him, Officer Booker reached in the car and seized a pistol which was lying on the front seat. He handed the gun to Officer Hooker who smelled it and detected a "fresh smell of gunpowder". Appellant was then placed under arrest. The gun was found to contain five live rounds of ammunition and

one expended round. It was later test-fired and found to be operable.

Defense testimony, through appellant, was that he had indeed purchased an automatic handgun earlier that evening and placed it under the front seat of his car. However, he had never seen the gun seized by Officer Booker and surmised that someone had placed the weapon in the car in order to set him up.

At one point, upon objection of defense counsel to the prosecutor's line of questioning, the following conversation was held at the bench:

THE COURT: Am I correct Counsel that you raise no issue of the lawfulness of the seizure?

[Counsel]: Pardon?

THE COURT: Am I correct that you raise no issue pertaining to the lawfulness of the seizure of the firearm?

[Counsel]: Right, Your Honor.

THE COURT: Then I will hold the question irrelevant.

[Prosecutor]: Excuse me, I'm sorry.

THE COURT: He says he raises no issue about the lawfulness of the seizure. That means, that line of questioning is unnecessary. [Tr. at 10.]

Unaccountably, upon request, the court then announced to the jury that appellant raised no question about the lawfulness of the seizure; that, accordingly, no issue of the suppression or admissibility of evidence was present, and that if such issue were raised it would be the court's business, not theirs.

▪ Counsel on appeal alleges, without any support from the record, that trial counsel did not consult with appellant before announcing that the seizure of the weapon would not be challenged. Accepting this allegation as fact, however, does not benefit appellant for there was no

search in this case, illegal or otherwise. While it became unnecessary to fully develop the details of appellant's initial encounter with the police officers, it is evident enough from the record that Officer Booker seized a gun within his plain view, possessing the right under the circumstances to be in the position to have that view. United States v. Johnson, 143 U.S. App.D.C. 215, 442 F.2d 1239 (1971); Davis v. United States, D.C.App., 284 A.2d 459 (1971). It follows that the admissibility of the gun in evidence was not subject to challenge and counsel's stated position on this issue was a legitimate one.

▪ We have carefully reviewed the record in light of appellant's second claim of error and find the verdict supported by substantial evidence.

Affirmed.