**UNITED STATES, Appellant,**

v.

**Elaster MITCHELL, Appellee.**

No. 6624.

District of Columbia Court of Appeals.

Argued. Oct. 17, 1972.

Decided Jan. 24, 1973.

Joseph E. diGenova, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Henry F. Schuelke, III, Asst. U. S. Attys., were on the brief, for appellant.

Leroy Nesbitt, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and PAIR and HARRIS, Associate Judges.

HARRIS, Associate Judge:

The Government appeals from an order of the trial court which granted a motion to suppress a quantity of heroin and certain narcotics paraphernalia. Concluding that the police conduct involved was constitutionally permissible, we reverse and remand.

The sole witness at the hearing on the motion to suppress was Officer J. C. Stamps of the Metropolitan Police Department. On the night of May 9, 1972, he was dressed in casual clothes, on duty and patrolling in his personal automobile. At approximately 11:45 p.m., he heard a police radio broadcast stating that three subjects were using narcotics in a black-over-white Oldsmobile which was parked at the rear of 463 I Street, N. W. The officer was less than a block from that location, and he responded to the radio run immediately. Driving into the alley behind the warehouse which is at that address, he saw three persons seated in an automobile

matching the description which had been broadcast.

Officer Stamps parked and approached the car. He shouted that he was a police officer, displayed his badge, and opened the car door. The occupants were directed to step out of the car; they complied. The officer testified that he advised them of their rights but did not place them under arrest. Officer Stamps then looked into the car. He saw a bottle-top cooker and a full syringe on the floor. Such evidence was seized, and the three subjects were advised that they were under arrest.[1] Appellee thereafter was charged with the possession of heroin and with the possession of the implements of a crime. D.C.Code 1967, §§ 33–402 and 22–3601.

The transcript of the suppression hearing indicates that the trial court's concern was with the officer's sudden opening of the door. Appellee's counsel places his emphasis differently, contending that the three persons who had been in the car were placed under arrest when they were directed to step out, at which time there assertedly was no probable cause for arrest. In our view, neither disagreement with the constitutionality of the seizure has validity.

When the officer arrived at the scene, his visual observations corroborated the basic facts as he had heard them on his radio, giving him full justification for further affirmative action. E. g., Murphy v. United States, D.C.App., 293 A.2d 849 (1972); Carter v. United States, D.C.App., 244 A.2d 483 (1968). It then became necessary for him to make an immediate decision of the type which so often is faced by police officers in the field. He had both the right and a duty to approach the vehicle to investigate further, and to observe the car's interior. Palmore v. United States, D.C.App., 290 A.2d 573, probable jurisdiction postponed, 409 U.S. 840, 93 S.Ct. 66, 34 L.Ed.2d 79 (1972); Dorsey v. United States, 125 U.S.App.D.C. 355, 372 F.2d 928 (1967). His situation, however, was not enviable. He was in an alley near midnight, alone with three purported narcotics users. He determined to identify himself as a police officer and open the car's door simultaneously, while directing the occupants to get out. This was both prudent and permissible. See United States v. Johnson, 143 U.S.App.D.C. 215, 442 F.2d 1239 (1971); United States v. Frye, D.C. App., 271 A.2d 788 (1970).

At that point in time, the three subjects may have been unwilling participants in the events which were occurring, but they were not under arrest. Young v. United States, 140 U.S.App.D.C. 333, 336, 435 F.2d 405, 408 (1970). The officer then was properly in a position from which to direct his attention to the interior of the automobile. When he readily saw the bottle-top cooker and the full syringe on the floor, the seizure of the evidence and the arrest of the subjects became appropriate. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Davis v. United States, D.C.App., 284 A.2d 459 (1971); Green v. United States, D.C.App., 275 A.2d 555 (1971). Appellee's constitutional right to be protected against an unreasonable search and seizure was not violated, and the order granting the motion to suppress was erroneous.

Reversed and remanded.

---

1. Also seized were additional hypodermic needles in a Kool cigarette package which was under the car's dashboard.