**Gregory S. CRAWLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7533.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 1973.

Decided Feb. 1, 1974.

Stuart F. Johnson, Washington, D. C., appointed by this court, for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard A. Graham, Asst. U. S. Attys., for appellee.

Before FICKLING, KERN and HARRIS, Associate Judges.

PER CURIAM:

Appellant was convicted after a jury trial of assault with a dangerous weapon (D.C.Code 1973, § 22–502) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). On appeal he contends that it was error not to grant his pretrial motions to suppress the pistol and certain identification testimony. We affirm.

On January 28, 1973, Officers Morrison and Jackson were in the vicinity of 13th & H Streets, N.E., when they heard gunshots which appeared to have come from either Wylie Street or Wylie Court. They proceeded to the 1200 block of Wylie Street and, while they were driving down the block, an unidentified woman yelled out of a window: "They went down the street in a red car." Others yelled the same thing and pointed in the direction of 12th & I Streets. Within three or four blocks of Wylie Street, the officers saw a red car, which was occupied by five persons, moving without lights. Two of the passengers on the rear seat, after seeing the officers, made furtive gestures which indicated they were putting something on the floor to hide. The vehicle was stopped and the driver was ordered to produce his license and registration. At the same time all passengers were ordered out of the car. As the appellant and other occupants were leaving the rear seat, the officer saw part of a sawed-off shotgun wedged between the seats. The occupants were placed under arrest. As the shotgun was being recovered, a pistol was observed and seized from the floor of the car. All occupants of the red car were returned in a police van to the 1200 block of Wylie Street to be viewed by witnesses to an assault. When complainant Baxter viewed the suspects in the police van, all of them had their heads lowered between their knees. He stated at the time that he could not identify anyone. The suspects then raised their heads and Mr. Baxter identified appellant as the person who shot at him. Mr. Baxter further testified that appellant had been known to him for a number of months because he had seen him several different times in a poolroom.

Appellant's contention that the officers had no right to order the occupants out of the car, thereby giving Officer Morrison an opportunity to be in a position to obtain plain view of the shotgun and pistol, is without merit.

The officers had a duty to investigate when they heard shots and, within minutes, were told that the assailants were in a red

car. Upon locating a red car traveling without lights within several blocks of the assault, in which some occupants were acting as if they were hiding something, it was reasonable to investigate further. The officers had every reason to believe that the occupants of the car were armed and dangerous; therefore, ordering them out of the car as a protective measure was valid. Davis v. United States, D.C.App., 284 A.2d 459 (1971). The seizure of the shotgun and pistol was the result of those objects being in plain view; the motion to suppress was properly denied.

We find no merit in appellant's contention that the identification procedure was unduly suggestive. The trial judge accepted Mr. Baxter's version of what occurred when he identified appellant in the police van. Mr. Baxter's ability to pick out appellant from five persons in the van, without any assistance from the police, removes any question of suggestibility.

Affirmed.