In the Matter of G. O. B., Appellant.

In the Matter of R. T. B., Appellant.

Nos. 8558, 8720.

District of Columbia Court of Appeals.

Argued June 17, 1975.

Decided Aug. 18, 1975.

**568**

Marsha E. Swiss, Washington, D. C., appointed by this court, for appellant in No. 8558.

Barbara Corprew, with whom Mildred M. Matesich, Washington, D. C., was on the brief, for appellant in No. 8720. Frederick H. Weisberg, Washington, D. C., appointed by this court, also entered an appearance.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee. James N. Dulcan, Asst. Corp. Counsel, Washington, D. C., also entered an appearance.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

After a fact-finding hearing, appellants were found guilty of assault with intent to kill in violation of D.C.Code 1973, § 22–501. On appeal, appellant R. T. B. argues that his arrest was without probable cause, therefore, it was error not to suppress the out-of-court identification. Appellant G. O. B. argues that there was insufficient evidence to support his conviction. We affirm.

On December 13, 1973, the complainant, Rev. Frank Killingsworth, age 100, was working in his residence at 1509 S Street, N. W., when he heard a knock on the door. Seeing that it was the appellants, two youths he had known from the neighborhood,* he let them in to await the arrival of his housekeeper whom they wished to see. After a minute or two, all three went into the kitchen where R. T. B. was given a glass of water. Upon returning to the living room, G. O. B. "whipped out a pistol," pointed it at the complainant, and demanded money.

After the appellants secured the money, G. O. B., using a cable, began to choke Rev. Killingsworth who, as he was passing out, observed R. T. B. approach him with a carving knife. After he regained consciousness, he noticed that both boys had left. He made his way to a neighbor's house and the police were called.

Officer Charles T. Carlson of the Metropolitan Police Department testified that on the day of the incident he and his partner, Officer Christopher Cooch, heard a radio run for a burglary at 1507 or 1509 S Street, N. W. Arriving on the scene, they saw a juvenile (who was later identified as one M. B.) running from the vicinity of the incident. Officer Cooch observed two other youths, who were later identified as appellants, as he chased M. B. into 1520 Swann Street where he was arrested. After returning to the vicinity of S Street, the officers questioned M. B. about the incident and his response was: "I didn't do it. I didn't do anything. It was those two

---

* R.T.B. ran errands for the complainant's housekeeper twice a week, and G.O.B. often had been admonished by the complainant for walking through his backyard.

[pointing in the direction of 1520 Swann Street]." Whereupon, the appellants were arrested.

All three were taken to Rev. Killingsworth, who was still in the area, and he identified the appellants as his assailants.

First, appellant R. T. B. argues that his arrest was not founded upon probable cause and, thus, the show-up identification must be suppressed as the product of an unlawful arrest. We disagree.

In *Carter v. United States,* D.C. App., 244 A.2d 483, 485 (1968), *quoting Daniels v. United States,* 129 U.S.App.D.C. 250, 252, 393 F.2d 359, 361 (1968), the court stated: "[T]here is no requirement that the arresting officer have . . . firsthand knowledge to constitute probable cause. [Rather] [i]t is enough that the police officer . . . received his information from some person . . . who it seems reasonable to believe is telling the truth." The facts here reveal that the radio run informed the officers that a crime had been committed and, arriving at the scene, they observed a youth fleeing the vicinity of the crime. Once the youth was in custody, the officers learned that he had firsthand knowledge of the crime and of who had committed it. Under these circumstances, it was reasonable for the police to believe that M. B. was telling the truth and, consequently, there was probable cause to arrest the appellants. The showup identification cannot be challenged on the ground that it was the product of an illegal arrest.

Next, appellant G. O. B. argues that there was insufficient evidence to support his conviction. We disagree. Here, after the appellants had taken the money, the 100-year-old victim was choked with a cable until he lost consciousness. In addition, the injury to the victim's neck was so severe that it required 21 stitches to close. Under these facts we do not believe that the trial judge, sitting as fact finder, must

have had a reasonable doubt of appellants' guilt. *Belton v. United States,* 127 U.S. App.D.C. 201, 203, 382 F.2d 150, 152 (1967).

*Affirmed.*