**Steven D. FOREMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 92–CF–1303.**

District of Columbia Court of Appeals.

Argued Oct. 20, 1993.

Decided Nov. 18, 1993.

John A. Shorter, Jr., Washington, DC, for appellant.

D. Shane Read, Asst. U.S. Atty., with whom J. Ramsey Johnson, U.S. Atty. at the time the brief was filed, and John R. Fisher, Thomas J. Hibarger, and Roy W. McLeese, III, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and BELSON, Senior Judge.

FARRELL, Associate Judge:

In this appeal from his convictions for several counts of assault, including assault with a dangerous weapon (D.C. Code § 22-502 (1989)), and related offenses, appellant makes only one argument requiring extended discussion.[1] He contends that the trial judge's modification of the standard jury instruction explaining the concept of "reasonable doubt" was constitutional error and reversible despite his failure to object to it at trial. Finding no plain error, we affirm.

The standard ("Redbook") instruction on reasonable doubt in this jurisdiction states:

> Reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you can give a reason. It is such a doubt as would cause a juror, after careful and candid and impartial consideration of all the evidence, to be so undecided that he cannot say that he has an abiding conviction of the defendant's guilt. It is such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life. However, it is not a fanciful doubt nor a whimsical doubt, nor a doubt based on conjecture. It is a doubt which is based on reason. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. Its

---

1. We reject appellant's claim that the evidence was insufficient to support his conviction for assault with a dangerous weapon, *i.e.*, with steel-toed boots. *See Arthur v. United States*, 602 A.2d 174 (D.C.1992); *Williamson v. United States*, 445 A.2d 975 (D.C.1982). The government concedes that the remaining two counts of simple assault merge into this conviction, *see Glymph v. United States*, 490 A.2d 1157, 1161 (D.C.1985), requiring their vacatur on remand.

burden is to establish guilt beyond a reasonable doubt.[2]

Except for strictly formal changes (*e.g.*, substituting "you" for "he"), the only change which the trial judge made to the instruction was to substitute the phrase "a deep rooted belief in" for the phrase "an abiding conviction of."

In a recent decision, *United States v. Merlos*, 299 U.S.App.D.C. 401, 984 F.2d 1239 (1993), the District of Columbia Circuit found constitutional error in an instruction which told the jury that "[p]roof beyond a reasonable doubt is proof that leaves you with a *strong belief* in the defendant's guilt." *Id.* at 402, 984 F.2d at 1240 (emphasis by D.C. Circuit). The court rejected the argument that the phrase "strong belief" conveys the confidence or certainty either of the phrase "abiding conviction" in the Redbook instruction or of the phrase "firmly convinced" in the pattern federal jury instruction explaining reasonable doubt.[3] Appellant argues that the *Merlos* holding, while not binding on this court, should be persuasive. And he asserts that a "strong belief"—the language condemned in *Merlos*—is not significantly different from a "deep rooted belief": both entail a "belief" rather than a "conviction," which is to say a level of confidence or certainty less than a "conviction" implies and less than proof beyond a reasonable doubt requires. Appellant agrees with the standard for reviewing an instruction applied in *Merlos*, which inquires "whether there is a reasonable likelihood that the jury has applied the instruction in a way that violates the constitution." *Id.* at 403, 984 F.2d at 1241 (quoting *Estelle v. McGuire*, —— U.S. ——, ——, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991) (internal quotation marks omitted)). He argues that on so crucial a matter as the definition of reasonable doubt, *cf. Sul-*

livan v. Louisiana, —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), that question must be answered "yes" in this case.[4]

■ Although the Supreme Court has stated that "attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury," *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954) (quoting *Miles v. United States*, 103 U.S. 304, 312, 26 L.Ed. 481 (1880)), both this court and the United States Court of Appeals for the District of Columbia Circuit have approved the explanatory Redbook instruction on reasonable doubt, quoted above. *See Baptist v. United States*, 466 A.2d 452, 459 (D.C.1983); *Moore v. United States*, 120 U.S.App.D.C. 203, 204, 345 F.2d 97, 98 (1965). Thus efforts to reformulate that instruction should proceed with extreme caution, for "[a]n instruction central to the determination of guilt or innocence may be fatally tainted by even a minor variation which tends to create ambiguity." *United States v. Alston*, 179 U.S.App.D.C. 129, 135, 551 F.2d 315, 321 (1976) (footnote omitted). We also agree with the *Merlos* court that a "belief," even a "strong belief," may convey less confidence or certainty of the existence of a fact than "conviction." We therefore disapprove of the trial judge's use here of the word "belief," even intensified by "deep rooted." The potential ambiguity in that change leaves too much room for error, especially if combined with any other shortcoming in the instruction.

The judge's modification of the standard instruction stemmed, most probably, from his dissatisfaction with the phrase "abiding conviction," a dissatisfaction we share. The adjective "abiding" borders on the archaic, hence may carry little precise meaning to modern ears; and "conviction" has its own

---

2. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2.09 (3d ed. 1978) (the "Redbook"). After the trial in this case, the fourth edition of the standard jury instructions was published; it leaves the reasonable doubt instruction essentially unchanged.

3. *See* FEDERAL JUDICIAL CENTER, PATTERN CRIMINAL JURY INSTRUCTIONS, No. 21 (1988 ed.) ("Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt").

4. In *Merlos, supra*, the D.C. Circuit originally found the defective reasonable doubt instruction to be constitutionally harmless error. After the Supreme Court decided *Sullivan v. Louisiana, supra*, however, the court of appeals vacated its judgment as to Merlos' co-defendant who had objected to the instruction, and remanded for a new trial as to him. *See United States v. Loriano*, 302 U.S.App.D.C. 158, 996 F.2d 424 (1993).

potential for confusion with, say, conviction for a crime. We therefore do not shy from encouraging trial judges to substitute for "abiding conviction" the participial phrase "firmly convinced" employed in the federal pattern instruction referred to above.[5] That modification of the Redbook instruction would be slight yet beneficial.

■ Our present task, however, is to decide this case, and the critical point is that we do not review here for whether the trial judge's reformulation was error, even of constitutional magnitude. Appellant made no objection to the instruction as given. In these circumstances our obligation is to inquire whether the alleged defect was "plain error" under the test of Super.Ct.Crim.R. 52(b). Under this standard we ask, first, whether the error was "obvious or readily apparent," *Harris v. United States*, 602 A.2d 154, 159 (D.C.1992) (en banc) (quoting *United States v. Young*, 470 U.S. 1, 17 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985)); *see also United States v. Olano*, — U.S. —, —, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (error must be "clear under current law"); and second, whether the error complained of was "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Harris*, 602 A.2d at 159 (citations omitted); *see also Olano*, — U.S. at —, 113 S.Ct. at 1779 (error must " 'seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings,' " quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)). Both prongs of the standard must be satisfied. *Young*, 470 U.S. at 17 n. 14, 105 S.Ct. at 1047 n. 14 (error "must be more than obvious or readily apparent" to trigger plain error review).

■ Applying this test to the present case, we conclude first that the discernible difference between a "deep rooted belief"

and an "abiding conviction" is not great enough to establish "forfeited error" under Rule 52(b). *Olano*, — U.S. at —, 113 S.Ct. at 1776. The error in "deep rooted belief" as an explanation for proof beyond a reasonable doubt is not "obvious or readily apparent," *Harris, supra*, especially when we view the phrase in the context of the entire instruction on reasonable doubt, as we must. *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). In itself, the qualifier "deep rooted" connotes "established" or "settled" (as, for example, when the Supreme Court speaks of a "firmly rooted hearsay exception," *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)); it thus intensifies the noun "belief" appreciably more than does the word "strong" used in *Merlos*. Moreover, the phrase "deep rooted belief" was only part of the explanation the jury received of the concept of reasonable doubt. The judge also defined it as "such a doubt as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life," an instruction approved by the Supreme Court in *Holland*, 348 U.S. at 140, 75 S.Ct. at 138; *see also Bishop v. United States*, 71 App.D.C. 132, 137–38, 107 F.2d 297, 303 (1939) (citations omitted).[6] Additionally, reflecting the fact that to a large extent "[t]he term reasonable doubt . . . has a self-evident meaning comprehensible to the lay juror," *United States v. Olmstead*, 832 F.2d 642, 645 (1st Cir.1987) (citation omitted), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1739, 100 L.Ed.2d 202 (1988), the judge explained (in keeping with the Redbook) that a reasonable doubt is one "for which you can give a reason," a doubt "which is based on reason."[7] Finally, the judge made clear to the jury that the government had the burden of proof on each element of the offense. Taking these instructions as a whole, it simply is not "obvious or readily apparent" that

---

5. Thus the sentence in question from the standard Redbook instruction would be changed to read as follows (substituting "you," as did the trial judge, for "a juror" or "he [she]"): "It is such a doubt as would cause you, after careful and candid and impartial consideration of all the evidence, to be so undecided that you cannot say that you are firmly convinced of the defendant's guilt." Despite our observation in note 8, *infra*,

we do not go further here and urge revision of the syntax of this somewhat complicated sentence.

6. No similar definition was given to the jury in *Merlos*.

7. In this respect the instruction was similar to other parts of the instruction given in *Merlos*.

the judge's reformulation lessened the standard of proof for conviction.

■ Neither was the asserted error so prejudicial to appellant's rights "as to jeopardize the very fairness and integrity of the trial." *Harris*, 602 A.2d at 159. As the government points out,

> [t]he reasonable doubt instruction did not eliminate any essential elements of the charged offenses. It did not serve to direct a verdict of guilty. It did not omit to mention reasonable doubt altogether. It simply reformulated one component of an otherwise entirely accurate and comprehensive reasonable-doubt instruction.

Moreover, this was not a complex case nor one at all close on the evidence. The government presented strong proof of assault with a dangerous weapon (the only conviction appellant even challenges for sufficiency), *i.e.,* that appellant forced his way into the victim's apartment, chased her, pushed her to the floor, kicked her several times in the ribs with his steel-toed boots, and at the same time threatened to kill her. *See United States v. Jensen*, 561 F.2d 1297, 1300–01 (8th Cir.1977) ("confusing" reasonable doubt instruction not plain error where trial was uncomplicated and evidence of guilt was strong). Under all of the circumstances,[8] the judge's single change in the instruction, doubtfully significant as affecting the jury's understanding of the government's burden, does not disturb our confidence in the fairness and integrity of the trial.

■ We must consider, nevertheless, appellant's argument that the Supreme Court's recent decision in *Sullivan v. Louisiana, supra,* entirely "bars application of a plain error, prejudice inquiry" to a case, which he asserts this to be, in which the jury's findings are "vitiated" by a misdescription of the burden of proof. Even on the hypothesis that the judge partly misdescribed the government's burden here, appellant's reliance on *Sullivan* is misplaced. The Court in *Sullivan* had before it no issue of failure of the defendant to object to an instruction. It held that a constitutionally deficient reasonable doubt instruction cannot be *harmless* error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[9] To be sure, *Sullivan* strongly implies that *some* defective reasonable doubt instructions would constitute plain error, since a "structural error" of that kind undermines the "reliab[ili]ty]" and hence integrity of the criminal trial. —— U.S. at ——, 113 S.Ct. at 2083. An example might be the instruction given in *Sullivan* itself, which had previously been held unconstitutional in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam). That instruction equated reasonable doubt with a "grave uncertainty" and an "actual substantial doubt" as to guilt—both "suggest[ing] a higher degree of doubt than is required for acquittal under the reasonable doubt standard." *Cage,* 498 U.S. at 41, 111 S.Ct. at 329–30.[10] But no dilution of the government's burden even comparable to that in *Sullivan* took place in the present

8. We note that in *Merlos, supra,* the phrase "strong belief" appeared in a straightforward, easily-grasped sentence defining the government's burden of proof. By contrast, the phrase "deep rooted belief" in our case appeared in a rather involuted description of what would not satisfy the government's burden ("such a doubt as would cause one of you ... to be so undecided that you could not say you have an abiding conviction...."). As a practical matter (in a case where the jury apparently did not have the judge's instructions in writing), one wonders whether the jury even assimilated this complex sentence before the judge moved on to the rest of the instruction.

9. *Sullivan's* reasoning was twofold. First, a jury verdict which, because it lessens the government's burden of proof, "does not produce [a jury verdict of guilty beyond a reasonable doubt]," —— U.S. at ——, 113 S.Ct. at 2081, eliminates "the entire premise of *Chapman* review" which assumes such a verdict and asks "whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error...." *Id.* at —— ——, 113 S.Ct. at 2081–82. Second, an instruction effectively denying the right to a jury verdict of guilty beyond a reasonable doubt is a "structural defect[] in the constitution of the trial mechanism, which def[ies] analysis by 'harmless-error' standards...." *Id.* at —— —— ——, 113 S.Ct. at 2082–83 (quoting *Arizona v. Fulminante,* 499 U.S. 279, ——, 111 S.Ct. 1246, 1252, 113 L.Ed.2d 302 (1991)).

10. The *Cage* instruction compounded the error by defining evidentiary certainty in terms of "moral certainty." 498 U.S. at 41, 111 S.Ct. at 329.

case, for the reasons stated; the judge's single modification of the instruction did not work a "structural defect[ ] in the constitution of the trial mechanism" and so deprive appellant of "[t]he right to trial by jury...." *Sullivan,* —— U.S. at —— ——, 113 S.Ct. at 2082–83 (citation omitted). Appellant's argument thus boils down to the assertion that, after *Sullivan, any* defect in the reasonable doubt instruction, even if not "obvious or readily apparent," *Harris, supra,* demands reversal whether or not it was objected to at trial. No such broad abrogation of the plain error rule can be inferred from *Sullivan.*

The plain error rule reflects a "careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed." *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). Requiring reversal for instructional error neither "obvious" nor brought to the trial court's attention would be a strong disincentive to "all trial participants"—including defendants—to "seek a fair and accurate trial the first time around...." A criminal trial is "a decisive and portentous event," so that "[a]ny procedural rule which encourages the result that those proceedings be as free of error as possible is thoroughly desirable...." *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). *See also Johnson v. United States,* 387 A.2d 1084, 1086–87 (D.C.1978) (en banc) ("[w]hen appellate courts [too] readily grant relief under ... [the plain error] rule, they destroy the incentive of defense counsel to point out errors during the trial—a practice which is essential to a strong, adversary judicial system"). These principles are not inoperative just because the error was of constitutional dimension, even touching on the definition of reasonable doubt. *See, e.g., United States v. Harrison,* 289 U.S.App.D.C. 220, 225, 931 F.2d 65, 70 (in plain error context, "we need not find an error prejudicial just because we cannot say that it was harmless beyond a reasonable doubt—a standard that would 'render meaningless the contemporaneous-objection requirement in the context of constitutional error'" (citation omitted)), *cert. denied,* —— U.S. ——, 112 S.Ct. 408, 116 L.Ed.2d 356 (1991). We conclude there was no plain error in the trial judge's single reformulation of the reasonable doubt instruction.

Accordingly, with the exception that appellant's two convictions for simple assault must be vacated on remand, the judgment of conviction is

*Affirmed.*