# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 16, 2014              Decided July 29, 2014

No. 11-5300

RONNIE PAYNE,
APPELLANT

v.

PATRICIA STANSBERRY, WARDEN,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-00617)

*Rosanna M. Taormina*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender.

*John P. Gidez*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney. *Suzanne G. Curt* and *John P. Mannarino*, Assistant U.S. Attorneys, entered appearances.

Before: ROGERS, SRINIVASAN and MILLETT, *Circuit Judges*.

ROGERS, *Circuit Judge*:     Ronnie Payne appeals the dismissal of his petition for a writ of habeas corpus in which he

claimed he was denied his right to the effective assistance of counsel under the Sixth Amendment when his appellate counsel failed to seek plain error review of the trial judge's instruction that the jury "must find [Payne] guilty" even if the government failed to prove any element of a charged offense beyond a reasonable doubt. We conclude Payne has met his burden under the ineffective assistance standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, he is entitled to a new direct appeal at which he may raise this instructional error claim before the D.C. Court of Appeals for plain error review.

**I.**

At the close of the evidence, the trial judge instructed the jury on the government's burden of proof:

> If you find that the Government has proved, beyond a reasonable doubt, every element of the offense with which these defendants, or this defendant is charged, it's your duty to find that defendant guilty.

> On the other hand, if you find that the Government has failed to prove any element of the offense, beyond a reasonable doubt, *you must find that defendant guilty.*

Trial Tr. 94 (Feb. 19, 1993) (emphasis added). The jury was further instructed that it "may not . . . disregard any instruction" and "may not question the wisdom of the law." *Id.* at 90. At the start of the trial, the judge had instructed the jury that it was to follow the final instructions rather than his preliminary remarks. *See* Trial Tr. 108 (Feb. 9, 1993). Defense counsel did not object to the final instruction on the government's burden of proof. Payne was convicted and sentenced to consecutive sentences ranging from two years to life imprisonment.

On appeal, his trial counsel was appointed his appellate counsel and argued, among other things, that the trial judge erred in giving an aiding and abetting instruction to the jury, visiting the crime scene, and denying Payne's motion for a new trial based on newly discovered potentially exculpatory evidence. Although counsel had a trial transcript for review, he did not seek plain error review of the burden of proof instruction. The D.C. Court of Appeals affirmed Payne's convictions. *Payne v. United States*, 697 A.2d 1229 (D.C. 1997). Payne filed several *pro se* motions to vacate his convictions and to recall the mandate, identifying in at least one a missed "constitutional issue that he failed to present on direct appeal." Mot. for Recons. at 1 (Sept. 17, 2008).

Following the denial of his post-conviction motions by the District of Columbia courts, Payne filed a *pro se* petition for a writ of habeas corpus in the federal district court. *See Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). He argued that he was denied his Sixth Amendment right to the effective assistance of appellate counsel, *see Evitts v. Lucey*, 469 U.S. 387, 393–94 (1985), because his appointed appellate counsel, who was also his trial counsel, labored under a conflict of interest and failed, among other things, to present the trial judge's erroneous burden of proof instruction for plain error review. Payne attached to the petition two letters from counsel acknowledging that he "overlooked the faulty jury instruction," and that he "simply d[id] not know how [he] could have missed that in the appeal," and suggesting that Payne's "best option is pursuing the ineffective [assistance of counsel] option." Appellant's App. 34–35 (attaching letters of Dec. 6 & 31, 2007). The district court dismissed the habeas petition, finding Payne had failed to show he was prejudiced as a result of appellate counsel's deficient performance in failing to present the "obvious" instructional error. *Payne v. Stansberry*, 800 F. Supp. 2d 251, 260–62 (D.D.C. 2011). Payne's motion for

reconsideration was denied.

This court granted Payne's motion for a certificate of appealability with regard to his claims of ineffective assistance of counsel due to appellate counsel's conflict of interest in serving as both trial and appellate counsel, *see Cuyler v. Sullivan*, 446 U.S. 335 (1980), and in failing to challenge the reasonable doubt instruction, *see Strickland v. Washington,* 466 U.S. 668 (1984). *See* Order, Oct. 18, 2012. In view of our disposition, we do not reach the conflict of interest claim.

**II.**

To prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687–88, 694; *see United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008). The same standard applies with respect to claims of the ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). The *Strickland* test "does *not* require defendants to show that the errors 'more likely than not altered the outcome in the case,' but only that they were 'sufficient to undermine confidence in the outcome.'" *United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994) (quoting *Strickland*, 466 U.S. at 693–94). The parties agree that the D.C. Court of Appeals would have applied a plain error standard of review had appellate counsel presented the issue of the burden of proof instruction in Payne's direct appeal and under *Strickland*'s second prong, the question therefore is whether it is reasonably probable that the D.C. Court of Appeals would have concluded that the instruction was plain error. This court reviews the district court's factual findings for clear error and

5

questions of law *de novo*. *See Obaydullah v. Obama*, 688 F.3d 784, 791–92 (D.C. Cir. 2012); *Dorsey v. Stephens*, 720 F.3d 309, 314 (5th Cir. 2013); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir. 2008).

**A.**

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 686. *Strickland* cautions that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. As our sister circuit has observed, "[b]ecause of this presumption and the reality that effective appellate advocacy often entails screening out weaker issues, the Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (citing *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983)). A "defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Indeed, the decision to forego a plain error claim would not uncommonly be thought to be "the result of a reasonable winnowing of weaker appellate claims." *Roe*, 160 F.3d at 418.

In Payne's case, however, counsel's own letters indicate that there could be no basis for concluding that there was any strategic or tactical decision not to challenge the instruction on appeal. Counsel acknowledged that he had no explanation for his failure to raise the issue. Counsel stated that he "d[id] not know how [he] could have missed" the issue on appeal. The instructional error was significant because it lowered the government's burden of proof and would have been apparent to

a reasonably competent attorney who reviewed the trial transcript and was familiar with long-established Supreme Court precedent on the burden of proof. *See In re Winship*, 397 U.S. 358, 364 (1970). Counsel raised a different non-constitutional instructional error on direct appeal, further indicating that the failure to raise this issue was oversight, not deliberate strategy.

Consequently, absent a strategic decision by counsel, the ineffectiveness prong of *Strickland* turns on whether an objectively reasonable attorney would have sought plain error review because the issue had a reasonable likelihood of success. "In other words, this is the rare case where both *Strickland* prongs turn on the same question, whether there is a reasonable probability that the outcome of [Payne's] appeal would have been different had this issue been raised." *Roe*, 160 F.3d at 419. The answer requires an examination of the D.C. Court of Appeals' application of the plain error standard of review to instructional error.

**B**.

Under the plain error standard of review, there must be (1) error (2) that is "obvious," (3) "affec[ts] substantial rights," and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732–36 (1993); *see Foreman v. United States*, 633 A.2d 792, 795 (D.C. 1993).

The first two prongs of the plain error standard are met: The burden of proof instruction was legal error and the error was obvious, as the district court found, *Payne*, 800 F. Supp. 2d at 261. Both this court and the D.C. Court of Appeals have held that a judge who incorrectly instructs the jury that it "must find the Defendant guilty" absent adequate proof, even through "an honest oversight," effectively directs a verdict of guilt. *United States v. Hayward*, 420 F.2d 142, 144 (D.C. Cir. 1969); *Baker*

*v. United States*, 324 A.2d 194, 196–97 (D.C. 1974); *cf. United States v. Birbal*, 62 F.3d 456, 461 (2d Cir. 1995); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998). In *Baker*, the jury had been instructed that it must convict the defendant if the government disproved the defendant's self-defense claim, regardless of whether it found all of the elements of the charged offense had been proven. 324 A.2d at 196. The court relied on this court's opinion in *Hayward*, 420 F.2d 142, which was binding under *M.A.P. v. Ryan*, 285 A.2d 310 (D.C. 1971), holding that a similar instruction amounted to a directed verdict in violation of the Sixth Amendment, and reversing the conviction, *Hayward*, 420 F.2d at 146. Noting the similarity between the two "must" convict instructions — one involving self-defense, the other an alibi defense — the D.C. Court of Appeals in *Baker* rejected the government's argument that the error was harmless when the other instructions were considered. The court observed that applying the well-established "presumption that juries faithfully obey" the judge's instructions

> leads to the dilemma of which instruction do we presume the jury obeyed. Did they obey the specific instruction that they 'must' convict if the government disproved [the defendant's] claim of self-defense; or did they, in spite of that specific instruction, somehow obey the general instructions that the government bears the burden of proof beyond a reasonable doubt on all elements of the offense?

324 A.2d at 197. Further, the court rejected the idea that the weakness of the defendant's self-defense claim rendered the error harmless, noting that the problem with the instruction was that it allowed the jury to convict solely on the basis of rejecting the defense and thus "in effect direct[ed] a guilty verdict with respect to all elements of the crime." *Id*.

The government suggests that omission of the word "not" in the instruction was either an error in transcription or a slip of the tongue by the trial judge. But it makes no proffer to support its transcription error theory, advising only that the jury was apparently not given a written copy of the instructions and that both the audio recording and the notes of the now-deceased court reporter have been destroyed. And whether or not the judge's error was inadvertent does not change whether it was obvious error. *See, e.g.*, *Hayward*, 420 F.2d at 144; *Turrentine v. Mullin*, 390 F.3d 1181, 1194 (10th Cir. 2004).

As regards the third and fourth prongs of the plain error standard on prejudice and the fairness of the trial, the analysis begins with *Sullivan v. Louisiana*, 508 U.S. 275 (1993). There, the Supreme Court held that a jury instruction defining "reasonable doubt" as "such doubt as would give rise to a grave uncertainty," "an actual substantial doubt," and a "moral certainty" was structural error. *See id*. at 277 (citing *Cage v. Louisiana*, 498 U.S. 39, 40 (1990)). The Court observed that "although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence." *Id*. (citing *Sparf v. United States*, 156 U.S. 51, 105–06 (1895)). It concluded that "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt," *id.* at 278, and held that denial of the right to a jury verdict of guilt beyond a reasonable doubt is a "structural error," which "def[ies] analysis by 'harmless-error' standards," *id.* at 281–82. Both this court and the D.C. Court of Appeals have recognized that the logic of *Sullivan* applies to plain error analysis. *See United States v. Merlos*, 8 F.3d 48, 51 (D.C. Cir. 1993); *Arthur v. United States*, 986 A.2d 398, 413 (D.C. 2009).

A finding that the instructional error at Payne's trial was "structural" would, under the logic of *Sullivan v. Louisiana*, go

a significant way towards establishing the last two prongs of the plain error inquiry, which in turn would go a long way towards establishing (at least) a reasonable probability of plain error. In *Arthur*, 986 A.2d at 413, the D.C. Court of Appeals acknowledged that "if [an error] is structural in nature, the defendant's substantial rights will be deemed to have been affected, without need for further analysis in the context of the particular trial." In *Barrows v. United States*, 15 A.3d 673 (D.C. 2011), the court acknowledged that a structural error is "likely to have an effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 679. And in *Foreman*, 633 A.2d at 796, the D.C. Court of Appeals acknowledged that "*Sullivan* strongly implies that *some* defective reasonable doubt instructions would constitute plain error, since a 'structural error' of that kind undermines the 'reliability' and hence integrity of the criminal trial."

In *Foreman*, moreover, the D.C. Court of Appeals acknowledged a critical distinction between a jury instruction that directs a verdict (as here) and a jury instruction containing a confusing legal standard (as in that case). There, the trial judge had departed from the standard jury instruction on reasonable doubt by substituting the phrase "a deep rooted belief in" for the phrase "an abiding conviction of." *Id.* at 794. With regard to the prejudice prong of the plain error standard under *Olano*, *id.* at 795–96, the court distinguished between the type of instructional error it was addressing, which "did not eliminate any essential elements of the charged offenses," and an instructional error that "serve[s] to direct a verdict of guilty." *Id.* at 796. The court concluded there was no structural error under *Sullivan* because the ambiguous instruction in Foreman's trial involved "no dilution of the government's burden even comparable to that in *Sullivan* . . . ; the judge's single modification of the [standard jury] instruction did not work a 'structural defect in the constitution of the trial mechanism' and

so deprive [Foreman] of 'the right to trial by jury. . . .'" *Id.* at 796–97 (quoting *Sullivan*, 508 U.S. at 280–82).

Payne contends that the erroneous instruction at his trial is an example of a structural error that is "so intrinsically harmful as to require automatic reversal" of his convictions. *Neder v. United States*, 527 U.S. 1, 7 (1999); *see Merlos*, 8 F.3d at 51; *Arthur*, 986 A.2d at 413; *Littlejohn v. United States*, 73 A.3d 1034, 1043 (D.C. 2013). Alternatively, Payne contends the D.C. Court of Appeals would have found prejudice because "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard," *Victor v. Nebraska*, 511 U.S. 1, 6 (1994), which requires the government to prove every element of a charged offense beyond a reasonable doubt, *Winship*, 397 U.S. at 364. Regardless of the accuracy of the trial judge's other instructions on the presumption of innocence and the government's burden of proof, Payne focuses on the requirement, acknowledged by the D.C. Court of Appeals in *Baker*, that the court must "presum[e] that juries faithfully obey the instructions given to them by the judge," 324 A.2d at 197, noting the particular instructions given to his jury — that it may not disregard any final instruction or question the wisdom of the law, and that it must follow the trial judge's final instructions rather than his preliminary remarks or the statements of counsel. Payne further points out that the erroneous instruction was the only time the trial judge instructed the jury on what to do if the government failed to meet its burden of proof on an element of an offense.

In the government's view, Payne would prevail under neither approach because the D.C. Court of Appeals would not have found either structural error or error so prejudicial to Payne's substantial rights as to jeopardize the fairness and integrity of his trial. Citing *Victor*, 511 U.S. 1, the government

concludes that the D.C. Court of Appeals would have examined the jury instructions in their entirety and concluded that the jury would not have been misled about the government's burden of proof. *Id.* at 5–6; *see also Foreman*, 633 A.2d at 794–96. But *Victor* and *Foreman* involved erroneous or ambiguous definitions of reasonable doubt, not an instruction that the jury *must* find the defendant guilty even if the government failed to meet its burden of proof on any element of a charged offense. It is true that in a case not cited by the parties, *Minor v. United States*, 647 A.2d 770, 773 (D.C. 1994), the court applied *Victor*'s analysis in rejecting a Fifth Amendment due process challenge where the jury was instructed that "[t]he government is not required to establish guilt beyond all *reasonable* doubt." But that case is also distinguishable. Like the instruction at Payne's trial, this instruction misstated the burden of proof, rather than defining "reasonable doubt" in an ambiguous or confusing way. But unlike Payne's case, the court was not considering a "must" convict instruction that explicitly directed a verdict against the defendant. In *Minor*, the judge did wrongly state in his final instructions that the government is not required to establish guilt beyond a reasonable doubt, but he immediately corrected himself, informing the jury that the government's burden "is to establish guilt beyond a reasonable doubt." *Id.* at 774. In Payne's case, by contrast, the defective instruction was the only instruction given to the jury regarding what it should do if the government failed to prove an element of a charged offense beyond a reasonable doubt. To the extent the government addresses the "must" convict instruction cases, it fails to explain on what basis an instruction that the jury "must find the defendant guilty" without proof sufficient to meet the *Winship* standard is an "explicitly directed [] guilty verdict" in *Hayward*, Appellee's Br. 49, but not in Payne's case.

The Supreme Court acknowledged in *Neder* that there are defective reasonable doubt instructions that fall in a "limited

class of fundamental constitutional errors" that are "so intrinsically harmful as to require automatic reversal . . . without regard to their effect on the outcome," 527 U.S. at 7–8. Here, the erroneous instruction was contrary to the Fifth Amendment guarantee that no one will be deprived of liberty without due process of law and the Sixth Amendment right to trial by jury, which together require a jury to determine a defendant's guilt on every element of the charged crimes beyond a reasonable doubt. *See United States v. Gaudin*, 515 U.S. 506, 509–10 (1995); *Sullivan v. Louisiana*, 508 U.S. at 277–78; *Winship*, 397 U.S. at 364. The distinctions drawn by the D.C. Court of Appeals in *Foreman* with respect to the ambiguous reasonable doubt instruction suggest it is reasonably probable that court would have reached a different conclusion regarding the prejudice prong of the plain error standard had it viewed the instruction to direct a guilty verdict or otherwise dilute the government's burden of proof, in a manner comparable to the instruction in *Sullivan*. In Payne's case, the court would have been confronted with an instruction that directed the jury to render a guilty verdict, the presumption that juries "faithfully" follow the trial judge's instructions, and the fact that the erroneous instruction was the only instruction regarding the jury's obligation if the government failed to meet its burden to prove an element of a charged offense beyond a reasonable doubt.

As noted, to establish *Strickland* prejudice, Payne must demonstrate that it is reasonably probable that, had his counsel raised the issue on direct appeal, the D.C. Court of Appeals would have concluded that the challenged instruction was plain error. Although we cannot be certain the D.C. Court of Appeals would have found plain error had this issue been presented in Payne's direct appeal, the question before this court is limited to whether there is a reasonable probability that the outcome of his appeal would have been different. Because the erroneous jury instruction reduced the government's burden of proof, the

distinctions drawn in *Foreman* between ambiguous and directed verdict instructions, and the analysis in *Baker* of the presumption that juries "faithfully" follow instructions move the analysis toward finding plain error. An objectively reasonable attorney, then, would have presented this issue for plain error review. That is sufficient to establish ineffective assistance of appellate counsel under *Strickland*. The appropriate relief is to afford Payne a belated appeal on the issue that counsel ineffectively failed to present. *See Roe*, 160 F.3d at 420; *Mason v. Hanks*, 97 F.3d 887, 902 (7th Cir. 1996).

Accordingly, the judgment of the district court is reversed, and the case is remanded with directions to issue a writ of habeas corpus unless, within whatever reasonable period of time the district court deems appropriate, Payne is afforded a new appeal in which he may raise the burden of proof instruction issue omitted from his original direct appeal. *See, e.g.*, *Evitts*, 469 U.S. at 390–91; *Lewis v. Johnson*, 359 F.3d 646, 662 (3d Cir. 2004); *Hughes v. Booker*, 220 F.3d 346, 348, 353 (5th Cir. 2000); *Mapes v. Tate*, 388 F.3d 187, 195 (6th Cir. 2004); *Shaw v. Wilson*, 721 F.3d 908, 910 (7th Cir. 2013); *Johnson v. Champion*, 288 F.3d 1215, 1230 (10th Cir. 2002).