# District of Columbia
# Court of Appeals

No. 93-CF-1643

RONNIE L. PAYNE,

Appellant,

FILED

FEB 23 2017

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

F-4062-92

UNITED STATES,

Appellee.

On Appeal from the Superior Court of the District of Columbia<br>Criminal Division

BEFORE: BECKWITH and EASTERLY, *Associate Judges*; and NEBEKER, *Senior Judge.*

## J U D G M E N T

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment of the trial court is affirmed.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: February 23, 2017.

Opinion by Associate Judge Corinne Beckwith.

Concurring opinion by Senior Judge Frank Q. Nebeker.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

DISTRICT OF COLUMBIA COURT OF APPEALS

No. 93-CF-1643

RONNIE L. PAYNE, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED **2/23/17**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(F-4062-92)

(Hon. George W. Mitchell, Trial Judge)

(Argued October 16, 2015                    Decided February 23, 2017)

*Jason M. Wilcox* for appellant.

*Nicholas Coleman*, Assistant United States Attorney, with whom *Vincent C. Cohen*, Acting United States Attorney at the time the briefs were filed, and *Elizabeth Trosman*, *Elizabeth H. Danello*, and *Uma M. Amuluru*, Assistant United States Attorneys, were on the brief, for appellee.

Before BECKWITH and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

Opinion for the court by *Associate Judge* BECKWITH.

Concurring opinion by *Senior Judge* NEBEKER at page 8.

BECKWITH, *Associate Judge*:    On October 23, 2014, the United States District Court for the District of Columbia—on the directive of the United States Court of Appeals for the District of Columbia Circuit—issued an order granting

appellant Ronnie Payne's petition for a writ of habeas corpus but staying its execution to permit this court an opportunity to allow Mr. Payne to raise an instructional error issue that had gone unchallenged on direct appeal. *See Payne v. Stansberry*, 760 F.3d 10 (D.C. Cir. 2014). This court subsequently directed Mr. Payne to file a motion to recall the mandate and then granted that motion and agreed to review his claim. Concluding that the instructional mistake does not amount to constitutional error, we affirm the convictions.

## I.

On February 23, 1993, a jury found Mr. Payne and a codefendant guilty of two counts of first-degree murder, two counts of assault with intent to kill while armed, one count of carrying a pistol without a license, and one count of possession of a firearm during a crime of violence.[1] A recitation of the facts can be found in *Payne v. United States*, 697 A.2d 1229, 1230–32 (D.C. 1997).

The matter before this court concerns a mistaken instruction given to the jury just prior to deliberation. Although the Superior Court properly informed the

---

[1] D.C. Code §§ 22-2401, -3202 (1989); D.C. Code §§ 22-501, -3202; D.C. Code § 22-3204 (a); D.C. Code § 22-3204 (b).

jury on several occasions about the government's burden of proof, on one occasion the judge instructed the jury:

> If you find that the Government has proved, beyond a reasonable doubt, every element of the offense with which these defendants, or this defendant is charged, it's your duty to find that defendant guilty.
>
> On the other hand, if you find that the Government has failed to prove any element of the offense, beyond a reasonable doubt, *you must find that defendant guilty*.

(emphasis added). By omitting the word "not" from the final sentence, the instruction, taken in isolation, had the effect of directing a verdict of guilty, since it would have a jury convict whether or not the government met its burden to prove every element of the offenses charged beyond a reasonable doubt.

## II.

On appeal, Mr. Payne argues that the court's mistaken instruction amounts to structural error because it directed a verdict for the government. He contends that the error was not corrected by the court's other instructions, leaving the jurors with the impression that they must convict regardless of the defendant's guilt or innocence. "On a plain error review, an appellant must show that the objectionable action was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Coleman v. United States*, 948 A.2d 534, 544 (D.C. 2008) (quoting

*Marquez v. United States*, 903 A.2d 815, 817 (D.C. 2006)).[2]   The first prong is dispositive in this case.

In deciding whether an instructional mistake amounts to constitutional error, we determine whether there is a "reasonable likelihood that the jurors who determined . . . guilt applied the instructions in a way that violated the Constitution."  *Victor v. Nebraska*, 511 U.S. 1, 22–23 (1994); *see also Minor v. United States*, 647 A.2d 770, 773 (D.C. 1994).  Because "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged," *In re Winship*, 397 U.S. 358, 364 (1970), a defendant would be deprived of this due process right if there were a reasonable likelihood the jurors understood their instructions to allow conviction upon a lesser showing or no showing at all.

Standing alone, the sentence with the omitted "not" was erroneous.  But this does not end our inquiry.  *See United States v. Norris*, 873 F.2d 1519, 1524 (D.C. Cir. 1989) (citing *United States v. Martin*, 475 F.2d 943, 947, 950 (D.C. Cir. 1973)).  "In determining the effect of [an] instruction on the validity of [a]

---

[2] The parties agree that we should review this instructional claim under a plain error standard because no objection was made at trial.

conviction, . . . a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (citing *Boyd v. United States*, 271 U.S. 104, 107 (1926)).

Mr. Payne relies on two cases, *Baker v. United States*, 324 A.2d 194, 196-97 (D.C. 1974), and *United States v. Hayward*, 420 F.2d 142, 144 (D.C. Cir. 1969),[3] in which convictions were reversed due to jury instructions that directed a verdict for the government if the jury resolved a particular issue against the defendant: in *Baker* a self-defense claim, in *Hayward* an alibi defense. Jurors following these instructions, and likely unfamiliar with the exact workings of the legal system, might convict a defendant even if unconvinced of all the elements of an offense beyond a reasonable doubt.

Unlike in *Hayward* or *Baker*—where the respective juries were still asked to decide at least one factual issue upon which the outcome depended and therefore to play a meaningful role in the determination of the defendants' guilt or innocence— it is not reasonably likely that the jurors here, after sitting through the entire trial,

---

[3] *Hayward* is binding precedent in this court. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).

would understand the judge to be instructing them to find the defendant guilty no matter what. The structure of the mistaken instruction, even if taken in isolation, worked against any such misunderstanding. The jury was instructed:

> If you find that the Government has proved, beyond a reasonable doubt, every element of the offense . . . charged, it's your duty to find that defendant guilty.
>
> *On the other hand*, if you find that the Government has failed to prove any element of the offense, beyond a reasonable doubt, you must find that defendant guilty.

(emphasis added). "On the other hand" communicates that one outcome will differ from the other.


But if the correct interpretation were not apparent in isolation, it was in context. The jurors were told, before they ever received the erroneous instruction, that "[t]he presumption of innocence remains with the defendant throughout the trial, unless and until he is proven guilty, beyond a reasonable doubt," and "the defendant[] do[es] not have to prove [himself] innocent . . . . The Government is required to prove [his] guilt, beyond a reasonable doubt." After the instructional mistake occurred, the court told the jurors that they "may return [their] verdict of guilty, or not guilty, with respect to any defendant on any count."

The record reflects that the jury understood its task. The jurors deliberated over several days. During that time, they asked questions about the evidence they had received and they asked for reinstruction on aiding and abetting. The conduct of the jurors over several days is unexplainable unless they thought they had an actual—and not merely symbolic—charge to determine guilt or innocence.

Because the court cannot say there is a reasonable likelihood the jurors who determined Mr. Payne's guilt applied the instructions in a way that lowered or eliminated the burden of proof, the trial court's instructional mistake was not constitutional error. *See Victor*, 511 U.S. at 22–23; *In re Winship*, 397 U.S. at 364; *Minor*, 647 A.2d at 773.[4]

---

[4] Judge Nebeker, in his concurrence, offers an alternative theory upon which to affirm Mr. Payne's conviction: "that the 'not' omission was a court reporter error and thus there was no instructional error at all given to the jury." *Post*, at 14. Even if there were any evidence to support such a conclusion, no statute or court rule empowers this court to simply declare that the mistake was a transcription error. "When there is a possible error in the record, it must be clarified by the trial court." *Clark v. United States*, 147 A.3d 318, 331 (D.C. 2016) (citing D.C. App. R. 10 (e)(1)); *see also Thomas v. United States*, 715 A.2d 121, 126 (D.C. 1998) (Schwelb, J., concurring) (claim of transcription error raised for the first time on appeal "is being made unseasonably and in the wrong forum"). In Judge Nebeker's view, this court is in as good a position as a substitute trial judge to resolve this "difference . . . about whether the record truly discloses what occurred in the Superior Court." D.C. App. R. 10 (e)(1); *post*, at 13. But as the government has conceded in its brief and at oral argument, even very experienced judges make mistakes, it is possible that the trial judge here misspoke, and without any evidence to the contrary we must assume the transcript is correct.

## III.

For the foregoing reasons, the judgment of the trial court is *affirmed*.

NEBEKER, *Senior Judge*, concurring: In the likelihood that further review is sought in this reopened appeal, I offer an alternative way to decide it.

Now that this appeal is (belatedly) before us, we have the opportunity, not previously available, to determine whether the absence of a "not" in the charge to the jury was, in terms of D.C. Court of Appeals Rule 10 (e), "omitted . . . from the record . . . by error or accident. . . [.]"[1] D.C. App. R. 10 (e). The government's brief in the D.C. Circuit did raise the possibility of a transcription error, which that court dismissed because the government offered no "theory" to support it. *Payne v. Stansberry*, 411 U.S. App. D.C. 310, 315, 760 F.3d 10, 15 (2014). Rules 10 (e) of both courts supply that theory.

---

[1] That option was not available to the D.C. Circuit because Federal Rule of Appellate Procedure Rule 10 (e) limited its ability to reconstruct the record to original papers, exhibits, transcript proceedings, and docket entries from the District Court.

However, I note a questionable assumption in the D.C. Circuit's reasoning. That court stated erroneously that the "defective instruction was the only instruction given to the jury regarding what it should do if the government failed to prove an element of the charged offense beyond a reasonable doubt." *Payne*, *supra*, 760 F.3d at 17. This formed the basis of its distinction between the present case and our previous holding in *Minor v. United States*, 647 A.2d 770 (D.C. 1994). In *Minor,* we held that although the trial judge misstated the government's burden of proof in the jury's charge, since he had already correctly described the burden and immediately corrected his mistake, there was no reversible error because there was no reasonable likelihood that the jury applied the charge in an unreasonable manner. *Id.* at 774 (citing *Victor v. Nebraska*, 511 U.S. 1, 5 (1994)) (instructions need only convey necessity that defendant's guilt is proven beyond a reasonable doubt)). The same is true here, and thus *Minor* should have controlled. Even if we assume the trial judge misstated the government's burden in the isolated portion of the charge, his correct statements of that burden bracketed this error. Thus, as in *Minor*, we must look at the instructions as a whole to determine if reversible error occurred. Moreover, given the complete context of both the charge and the record, my colleagues similarly hold that no reasonable jury could have misunderstood the government's burden to prove Payne's guilt as to every element of the charged offenses beyond a reasonable doubt. *Id.* (citing *United*

*States v. Coppola*, 486 F.2d 882, 884-85 (10th Cir. 1973) (inadvertent misstatement of government's burden in instructions not reversible error in light of correct statement of law throughout trial); *United States v. Newkirk*, 481 F.2d 881, 883-84 (4th Cir. 1973) (no reversible error where repeated correct advisements of government's burden accompanied single misstatement by trial court on same standard)).

As an alternative theory, I interpret the absence of the "not" in the record transcript as court reporter error and not judge-made error.  D.C. Court of Appeals Rule 10 (e) allows our court to do so.  Pursuant to Rule 10 (e):

> **(1)** If any difference arises about whether the record truly discloses what occurred in the Superior Court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> **(2)** If anything material to any party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> > **(A)** on a stipulation of the parties; or
> > **(B)** by the Superior Court before or after the record has been forwarded.
> **(3) All other questions as to the form and content of the record must be presented to this court.**

D.C. App. R. 10 (e) (emphasis added).

Unfortunately, there are no committee notes for D.C. Court of Appeals Rule 10 (e). Moreover, the federal equivalent, Federal Rule of Appellate Procedure 10 (e), is similarly devoid of any guidance as to its scope or meaning. Fed. R. App. P. R. 10 (e). It is apparent that D.C. Court of Appeals Rule 10 (e) was derived from Federal Rule of Appellate Procedure 10 (e), given their almost identical wording.[2] Furthermore, it is apparent that Federal Rule of Appellate Procedure 10 (e) was derived from the General Rules of the United States Court of Appeals for the D.C. Circuit (1941), Rules 37 and 38, which were applicable to appeals from the Federal

---

[2] Federal Rule of Appellate Procedure 10 (e) reads:

> **(1)** If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> **(2)** If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> > **(A)** on stipulation of the parties;
> > **(B)** by the district court before or after the record has been forwarded; or
> > **(C)** by the court of appeals.
> **(3)** All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. R. 10 (e).

Communications Commission and Administration Agencies.  U.S. Ct. App. D.C. R.

37, 38 (1941).  Rule 37 (c)(2) reads:

> If a misstatement or error is contained in the record filed by the commission, the parties may correct the misstatement or error by stipulation filed with the court, or this court may at any time direct that the misstatement or error be corrected and, if necessary, that a supplemental record be certified and filed by the commission.

U.S. Ct. App. D.C. R. 37 (c)(2).

Furthermore, Rule 38 (h) reads:

> If anything material to any party is omitted from the transcript by error or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation or this court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental transcript be certified or a supplemental record prepared and filed.[3]

U.S. Ct. App. D.C. R. 38 (h).

The current language of D.C. Court of Appeals Rule 10 (e) and Federal Rule

of Appellate Procedure 10 (e) mirrors the language quoted above in Rules 37 and

---

[3]  I wish to acknowledge and thank the personnel of the National Center for State Courts for the assistance they provided in researching state appellate court rules and the Federal Rules of Appellate Procedure.

38. Thus, Federal Rule of Appellate Procedure 10 (e), and correspondingly D.C. Court of Appeals Rule 10 (e), were derived from the General Rules for the D.C. Circuit Rules 37 and 38. Moreover, a likely reason for the deficiency of guidance regarding the General Rules for the D.C. Circuit is that they were promulgated during 1941-1945, a time of war during which the judicial resources were scarce due to total war mobilization. Thus, we must now rely on the plain text of D.C. Court of Appeals Rule 10 (e)—not a difficult task.

According to plain language interpretation, this court has the authority to determine the "form" and "content" of the record because this particular inquiry falls under the purview of Rule 10 (e)(3), as neither Rule 10 (e)(1) nor Rule (e)(2) is applicable to the facts of this case. This court is the final authority on the Rules. *Muir v. District of Columbia*, 129 A.3d 265, 278 (D.C. 2016) (Newman, J., concurring). The trial judge and the court reporter have died, and the reporter's notes are gone. The government has argued here and in the Circuit Court that there is a distinct possibility that the "not" was in fact said, but that it was left out by the court reporter error. Thus, this question regarding the "not" is seemingly a difference about what "truly" occurred in the trial level as per Rule 10 (e)(2). "This court's rules explicitly provide that [a]ny difference as to the accuracy of the record shall be submitted to and settled by the trial judge." *Thomas v. United*

*States*, 715 A.2d 121, 126 (D.C. 1998) (internal quotation marks omitted). Under subsection (e)(3), this court is in as good a position as a substitute trial court judge to decide this "other" question "as to the form and content of the record." *See* D.C. App. R. 10 (e).

Accordingly, given the fact that this court has the authority to interpret and supplement the transcript as per Rule 10 (e)(3), this court is free to conclude that the "not" omission was a court reporter error and thus there was no instructional error at all given to the jury. My colleagues imply that there is no evidence to support a scrivener error. At the same time they use the two instances where the trial judge correctly stated the reasonable doubt axiom to conclude the jury made no mistake as to the burden of proof. These correct statements of that axiom are, as well, evidence of the scrivener error.