Nebeker, Senior Judge,
concurring:
In the likelihood that further review is sought in this reopened appeal, I offer an alternative way to decide it.
Now that this appeal is (belatedly) before us, we have the opportunity, not previously available, to determine whether the absence of a “not” in the charge to the jury was, in terms of D.C. Court of Appeals Rule 10 (e), “omitted ... from the record ... by error or accident... [J”[1] D.C. App. R. 10 (e). The government’s brief in the D.C. Circuit did raise the possibility of a transcription error, which that court dismissed because the government offered no “theory” to support it. Payne v. Stansberry, 411 U.S.App.D.C. 310, 315, 760 F.3d 10, 15 (2014). Rules 10 (e) of both courts supply that theory.
However, I note a questionable assumption in the D.C. Circuit’s reasoning. That court stated erroneously that the “defective instruction was the only instruction given to the jury regarding what it should do if the government failed to prove an element of the charged offense beyond a reasonable doubt.” Payne, supra, 760 F.3d at 17. This formed the basis of its distinction between the present case and our previous holding in Minor v. United States, 647 A.2d 770 (D.C. 1994). In Minor, we held that although the trial judge misstated the government’s burden of proof in the jury’s charge, since he had already correctly described the burden and immediately corrected his mistake, there was no reversible error because there was no reasonable likelihood that the jury applied the charge in an unreasonable manner. Id. at 774 (citing Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct 1239, 127 L.Ed.2d 583 (1994)) (instructions need only convey necessity that defendant’s guilt is proven beyond a reasonable doubt)). The same is true here, and thus Minor should have controlled. Even if we assume the trial judge misstated the government’s burden in the isolated portion of the charge, his correct statements of that burden bracketed this error. Thus, as in Minor, we must look at the instructions as a whole to determine if reversible error occurred. Moreover, given the complete context of both the charge and the record, my colleagues similarly hold that no reasonable jury could have misunderstood the government’s burden to prove Payne’s guilt as to every element of the charged offenses beyond a reasonable doubt. Id. (citing United States v. Coppola, 486 F.2d 882, 884-85 (10th Cir. 1973) (in *607 advertent misstatement of government’s burden in instructions not reversible error in light of correct statement of law throughout trial); United States v. Newkirk, 481 F.2d 881, 883-84 (4th Cir. 1973) (no reversible error where repeated correct advisements of government’s burden accompanied single misstatement by trial court on same standard)).
As an alternative theory, I interpret the absence of the “not” in the record transcript as court reporter error and not judge-made error. D.C. Court of Appeals Rule 10 (e) allows our court to do so. Pursuant to Rule 10 (e):
(1) If any difference arises about whether the record truly discloses what occurred in the Superior Court, the difference must be submitted to and settled by that court and the record conformed accordingly.
(2) If anything material to any party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
(A) on a stipulation of the parties; or
(B) by the Superior Court before or after the record has been forwarded.
(3) All other questions as to the form and content of the record must be presented to this court.
D.C. App. R. 10 (e) (emphasis added).
Unfortunately, there are no committee notes for D.C. Court of Appeals Rule 10 (e). Moreover, the federal equivalent, Federal Rule of Appellate Procedure 10 (e), is similarly devoid of any guidance as to its scope or meaning. Fed. R. App. P. R. 10 (e). It is apparent that D.C. Court of Appeals Rule 10 (e) was derived from Federal Rule of Appellate Procedure 10 (e), given their almost identical wording.[2] Furthermore, it is apparent that Federal Rule of Appellate Procedure 10 (e) was derived from the General Rules of the United States Court of Appeals for the D.C. Circuit (1941), Rules 37 and 38, which were applicable to appeals from the Federal Communications Commission and Administration Agencies. U.S. Ct. App. D.C. R. 37, 38 (1941). Rule 37 (c)(2) reads:
If a misstatement or error is contained in the record filed by the commission, the parties may correct the misstatement or error by stipulation filed with the court, or this court may at any time direct that the misstatement or error be corrected and, if necessary, that a supplemental record be certified and filed by the commission.
U.S. Ct. App. D.C. R. 37 (c)(2).
Furthermore, Rule 38 (h) reads:
If anything material to any party is omitted from the transcript by error or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation or this court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental *608 transcript be certified or a supplemental record prepared and filed.[3]
U.S. Ct. App. D.C. R. 38 (h).
The current language of D.C. Court of Appeals Rule 10 (e) and Federal Rule of Appellate Procedure 10 (e) mirrors the language quoted above in Rules 37 and 38. Thus, Federal Rule of Appellate Procedure 10 (e), and correspondingly D.C. Court of Appeals Rule 10 (e), were derived from the General Rules for the D.C. Circuit Rules 37 and 38. Moreover, a likely reason for the deficiency of guidance regarding the General Rules for the D.C. Circuit is that they were promulgated during 1941-1945, a time of war during which the judicial resources were scarce due to total war mobilization. Thus, we must now rely on the plain text of D.C. Court of Appeals Rule 10 (e) — not a difficult task.
According to plain language interpretation, this court has the authority to determine the “form” and “content” of the record because this particular inquiry falls under the purview of Rule 10 (e)(3), as neither Rule 10 (e)(1) nor Rule (e)(2) is applicable to the facts of this case. This court is the final authority on" the Rules. Muir v. District of Columbia, 129 A.3d 265, 278 (D.C. 2016) (Newman, J., concurring). The trial judge and the court reporter have died, and the reporter’s notes are gone. The government has argued here and in the Circuit Court that there is a distinct possibility that the “not” was in fact said, but that it was left out by the court reporter error. Thus, this question regarding the “not” is seemingly a difference about what “truly” occurred in the trial level as per Rule 10 (e)(2). “This court’s rules explicitly provide that [a]ny difference as to the accuracy of the record shall be submitted to and settled by the trial judge.” Thomas v. United States, 715 A.2d 121, 126 (D.C. 1998) (internal quotation marks omitted). Under subsection (e)(3), this court is in as good a position as a substitute trial court judge to decide this “other” question “as to the form and content of the record.” See D.C. App. R. 10 (e).
Accordingly, given the fact that this court has the authority to interpret and supplement the transcript as per Rule 10 (e)(3), this court is free to conclude that the “not” omission was a court reporter error and thus there was no instructional error at all given to the jury. My colleagues imply that there is no evidence to support a scrivener error. At the same time they use the two instances where the trial judge correctly stated the reasonable doubt axiom to conclude the jury made no mistake as to the burden of proof. These correct statements of that axiom are, as well, evidence of the scrivener error.

. That option was not available to the D.C. Circuit because Federal Rule of Appellate Procedure Rule 10 (e) limited its ability to reconstruct the record to original papers, exhibits, transcript proceedings, and docket entries from the District Court.

. Federal Rule of Appellate Procedure 10 (e) reads:
(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
(A) on stipulation of the parties;
(B) by the district court before or after the record has been forwarded; or
(C) by the court of appeals.
(3)All other questions as to the form and content of the record must be presented to the court of appeals.
Fed. R. App. P. R. 10 (e).

. I wish to acknowledge and thank the personnel of the National Center for State Courts for the assistance they provided in researching state appellate court rules and the Federal Rules of Appellate Procedure.